IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

United States District Court
Southern District of Texas
ENTERED
FEB 1 1 2000
Michael N. Milby, Clerk of Court

| | | |
|---|---|---|
| MICHAEL EDWARD DERRY | § | |
| | § | |
| V. | § | C.A. NO. C-00-26 |
| | § | |
| WAYNE SCOTT, ET AL. | § | |

### ORDER FOR SERVICE OF PROCESS

With respect to the above-styled cause of action, it is ordered:

1.  The Clerk of the Court shall issue summons and the U.S. Marshal shall serve copies of the complaint (Instrument #1), supplement to complaint (Instrument #3), opinion on transfer (Instrument #6), and this order to Lee Haney, Senior Assistant Attorney General. It is further ordered that the Office of the Attorney General of the State of Texas, pursuant to its policy, will either obtain authority to represent the following defendants within forty-five (45) days after receipt of this order or file within the same time period with this Court a statement of the address of the defendants executed by an authorized agent of the Texas Department of Criminal Justice, Institutional Division:**Warden Gutierrez and Assistant Warden Garcia.** Defendants are alleged to have worked for the Texas Department of Criminal Justice - Institutional Division at the Garza West Unit in Beeville, Texas. The affidavit may be filed ex parte and sealed subject to a motion to unseal for good cause by plaintiff.

2.  Defendants shall file their answer within forty-five (45) days of receipt of the complaint. In their answer, defendants shall respond separately to each and every factual and legal allegation in plaintiff's complaint. Defendants shall file any dispositive motions, including a motion for summary judgment under Rule 56 of the Federal Rules of Civil

Procedure, within one hundred twenty (120) days after the date that defendants' answer is due. Defendants shall submit, with a business records affidavit, copies of any documents relevant to plaintiff's claims and defendants' defenses, including copies of any written TDCJ-ID rules or written unit rules relevant to the alleged events forming the basis of this lawsuit. If the defendants fail to file any motions for dismissal and/or summary judgment within the one hundred twenty (120) day time limit, a scheduling order will be entered setting trial and final pretrial conference dates. Defendants and plaintiff will each be required to file pretrial orders at docket call.

Plaintiff will respond to defendants' motions within thirty (30) days of the date in which the defendants mailed plaintiff his copy of the additional pleadings, as shown on the defendants' certificate of service. Failure of plaintiff to respond to defendants' motion within the time limit will, if appropriate, result in granting of summary judgment in favor of defendants.

3. It is further ordered that each party shall serve the other party, or his counsel, with a copy of every pleading, motion, or other paper submitted to the Court for consideration. Service shall be by mail to the other party. Every pleading, motion, or other document filed with the Clerk of the Court shall be signed by at least one attorney of record in his individual name, whose address shall be stated, or if the party is proceeding pro se, by said party, with address likewise stated. In the case of the pro se party, only signature by the pro se party will be accepted. If a layman signs a pleading, motion, or other document on behalf of the pro se party, it will not be considered by the Court.

2

Furthermore, every pleading, motion, or other document shall include on the original a signed certificate stating that the date a true and correct copy of the pleading, motion, or document was mailed and to whom mailed. Failure to mail a copy thereof as certified by the certificate will subject that party to sanctions by the Court. Sanctions may include, but are not limited to, automatic striking of the pleading, motion, or other document.

4. Defendants shall state, either in their answers or in a separate pleading, whether they consent to the jurisdiction of the United States Magistrate Judge.

5. There will be no direct communication with the United States District Judge or Magistrate Judge. Communications must be submitted to the Clerk of the Court with copies to the other party. See Rules 5(a) and 11 of the Federal Rules of Civil Procedure.

ORDERED this 10 day of February, 2000.

B. JANICE ELLINGTON
UNITED STATES MAGISTRATE JUDGE

3