IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

United States District Cou...
Southern District of Texas
FILED
APR 10 2000
MICHAEL N. MILBY CLERK

| | | |
|---|---|---|
| MICHAEL EDWARD DERRY, | § | |
| *Plaintiff*, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. C-00-26 |
| | § | Jury |
| WAYNE SCOTT, ET AL., | § | |
| *Defendants.* | § | |

### DEFENDANTS GARCIA AND GUTIERREZ'S
### ORIGINAL ANSWER AND JURY DEMAND

TO THE HONORABLE JUDGE OF THE DISTRICT COURT:

NOW COME Defendants Ernest H. Gutierrez and Roy A. Garcia, by and through their attorney, the Attorney General for the State of Texas, and submit this their Original Answer and Jury Demand. In support thereof, Defendants respectfully offer the following:

**I.**

1. Defendants admit that Plaintiff is an inmate confined in the custody of the Texas Department of Criminal Justice, Institutional Division.

2. Defendants admit that they were employees of the Texas Department of Criminal Justice, Institutional Division, at all times relevant to the allegations in Plaintiff's Complaint.

3. Defendants admit that the Texas Department of Criminal Justice, Institutional Division, is an Agency of the State of Texas.

**II.**

4. Pursuant to Federal Rule of Civil Procedure 8(b), Defendants deny each and every allegation contained in Plaintiff's Complaint except those expressly admitted herein.

13.

## III.

5. Plaintiff has not stated a claim upon which relief can be granted under 42 U.S.C. § 1983 or under any other statute, constitutional theory, or legal authority.

6. Defendants admit that causes of action may be stated under certain circumstances pursuant to 42 U.S.C. § 1983 but deny that such circumstances are present in this case.

7. Defendants state that the statute of limitations is a bar to Plaintiff's claims brought pursuant to 42 U.S.C. § 1983.

8. Defendants assert that any claim premised upon the law of negligence will not support a claim of constitutional dimension under 42 U.S.C. § 1983.

9. Defendants assert that any claim premised upon the doctrine of *respondeat superior* will not support a claim of a constitutional dimension under 42 U.S.C. § 1983.

10. Defendants assert that government officials acting in their official capacities are not "persons" within the meaning of 42 U.S.C. § 1983, and thus are not proper parties to a cause of action under said statute. Therefore, claims against these Defendants in their official capacities will not lie. Defendants request dismissal of Plaintiff's claims under 42 U.S.C. § 1983 to the extent that they are brought against them in their official capacities.

## IV.

11. Defendants deny that they acted separately or in concert to engage in illegal conduct to injure Plaintiff.

12. Defendants deny that Plaintiff was deprived of any right, privilege or immunity granted or secured by the Constitution and/or laws of the United States.

13. Defendants deny that Plaintiff is entitled to injunctive, declaratory, or any other relief demanded in his complaint, and further deny that Plaintiff is entitled to damages, attorney's fees, or costs in any amount whatsoever.

## V.

14. Defendants state that at all times relevant to the allegations against them they acted in good faith and with a reasonable belief that their acts were in compliance with the laws and Constitution of the United States and they hereby claim their entitlement to a qualified, good faith immunity from suit.

15. Defendants hereby assert their Eleventh Amendment immunity to any claim for damages which may have been brought against them in their official capacities.

16. Defendants hereby assert their entitlement to official immunity to any claims brought against them under the Constitution and laws of the State of Texas.

17. The Texas Department of Criminal Justice, Institutional Division, states that Eleventh Amendment immunity and sovereign immunity bar all claims against it.

18. Defendants assert that any force which may have been used was a privileged use of force.

## VI.

19. Defendants assert that attorney's fees are unavailable for any and all claims brought pursuant to the laws of the State of Texas.

20. Plaintiff has sued a state agency, which in actuality is a suit solely against the State. Absent express legislative or statutory authorization, neither the State of Texas nor any of its agencies is subject to suit under state law.

21.     Defendants assert that Plaintiff's amount of recovery, if any, under pendent state claims may be barred or limited by state law theories of comparative responsibility and/or contribution.  Therefore, Defendants assert their entitlement to the affirmative defenses of contributory and comparative negligence, illegality, assumption of the risk, and estoppel for any negligence claims asserted against them and any other pendent state claims to which these defenses apply.

## VII.

22.     Defendants allege that this suit is frivolous and without merit and that as such they are entitled to recover from Plaintiff the amount of any attorney's fees and costs incurred in defending this suit. Defendants seek recovery from Plaintiff such attorney's fees and costs expended by them in being required to defend this suit.

### DEFENDANTS' JURY DEMAND

Should trial be necessary in the foregoing cause of action, Defendants Garcia and Gutierrez respectfully demand a trial by jury.

**WHEREFORE, PREMISES CONSIDERED**, Defendants Garcia and Gutierrez urge this Court to deny Plaintiff any and all relief demanded in his complaint and to grant such other and further relief as the Court deems just and proper.

Respectfully submitted,

JOHN CORNYN
Attorney General of Texas

ANDY TAYLOR
First Assistant Attorney General

SHANE PHELPS
Deputy Attorney General For Criminal Justice

LOUIS V. CARRILLO
Assistant Attorney General
Chief, Law Enforcement Defense Division

_____
LORI M. TULLOS
Assistant Attorney General
State Bar No. 00797582

P. O. Box 12548, Capitol Station
Austin, Texas  78711
(512) 463-2080
(512) 495-9139 (FAX)

**ATTORNEYS FOR DEFENDANTS
GARCIA AND GUTIERREZ**

## CERTIFICATE OF SERVICE

I, LORI M. TULLOS, Assistant Attorney General of Texas, do hereby certify that a true and correct copy of the above and foregoing **Defendants Garcia and Gutierrez's Original Answer and Jury Demand** has been served by placing same in the United States Mail, postage prepaid, on this the 7th day of April, 2000, addressed to:

**Michael Edward Derry**
TDCJ-ID # 630520
Fabian Dominguez State Jail
6535 Cagnon Road
San Antonio, TX 78252
*Appearing Pro Se*

_____
LORI M. TULLOS
Assistant Attorney General