IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| MICHAEL EDWARD DERRY | § | |
| | § | |
| V. | § | C.A. NO. C-00-26 |
| | § | |
| WAYNE SCOTT, ET AL. | § | |

## MEMORANDUM AND RECOMMENDATION TO DENY PLAINTIFF'S MOTION FOR A PRELIMINARY INJUNCTION

Plaintiff, who is proceeding *pro se* and *in forma pauperis*, is an inmate housed at the Ben Reid Facility, Texas Department of Criminal Justice - Institutional Division. Plaintiff filed a civil rights action pursuant to 42 U.S.C. § 1983 alleging that prison officials failed to protect him from harm inflicted by another inmate while he was housed at the Garza West Unit.

Pending is plaintiff's motion for a preliminary injunction (D.E. 19) directing officials at the Ben Reid Facility to return his legal materials to him. For the reasons stated herein, it is recommended that plaintiff's motion be denied.

## BACKGROUND

Plaintiff contends that defendants, Warden Gutierrez and Assistant Warden Garcia of the Garza West Unit, failed to respond to his requests that he be moved to a different unit, and therefore failed to protect him from harm caused by other inmates at Garza West who were gang-affiliated.

Plaintiff claims that he is currently experiencing retaliation and harassment because he is pursuing the instant case. Specifically, plaintiff notes that on April 2, 2000, officials at the Ben Reid Facility, where he is currently housed, confiscated his legal materials. Plaintiff requests assistance from this Court in recovering his legal materials.

## DISCUSSION

Plaintiff seeks an injunction ordering unnamed officials at the Ben Reid Facility to return his legal materials. These officials are not currently parties to the instant case, which was filed against two named officials at the Garza West Unit. The Court may not bind a non-party unless he or she stands in a special relationship to a party to the case. Harris County, TX v. CarMax Auto Superstores Inc., 177 F.3d 306, 314 (5th Cir. 1999); See 11A CHARLES ALAN WRIGHT ET AL., FEDERAL PRACTICE AND PROCEDURE § 2956, at 340 (1995)(An injunction may only bind non-parties who are "so identified in interest with those named in the decree that it would be reasonable to conclude that their rights and interests have been represented and adjudicated in the original injunction proceeding.").[1]

Furthermore, there is no compelling reason to join the individuals against whom the injunction is sought as parties in the instant action. The actions which give rise to the claim at issue in this motion share no common nucleus of fact with the actions that gave rise to the underlying complaint, nor did they arise out of the same transaction or occurrence.[2] Fed.R.Civ.P. 20.

In order to obtain relief against the officials at the Ben Reid Unit who are not defendants in this action, plaintiff must file a separate legal action against those officials. He may not use the instant action as an instrument through which to obtain relief against these non-parties.

---

[1] There are exceptions to this rule, notably, the Court may issue injunctions against nonparties who interfere with the implementation of court orders establishing public rights, see e. g., United States v. Hall, 472 F.2d 261 (5th Cir. 1972), or who "participate through adequate representation," see, e.g., Avila v. St. Luke's Lutheran Hosp., 948 S.W.2d 841, 855 (Tex.App.--San Antonio 1997, writ denied), the current case does not fit these exceptions.

[2] Plaintiff cites no evidence demonstrating that the confiscation of his legal materials by officials at the Ben Reid Facility was in any way connected to or initiated by the defendants, all of whom work at the Garza West Unit.

## RECOMMENDATION

Plaintiff cannot obtain a temporary restraining order or preliminary injunctive relief against non-parties. Accordingly, it is recommended that his motion for a preliminary injunction (D.E. 19) be denied.

Respectfully submitted this 22 day of June, 2000.

B. JANICE ELLINGTON
UNITED STATES MAGISTRATE JUDGE

## **NOTICE TO PARTIES**

The Clerk will file this Memorandum and Recommendation and transmit a copy to each party or counsel. Within **TEN (10) DAYS** after being served with a copy of the Memorandum and Recommendation, a party may file with the Clerk and serve on the United States Magistrate Judge and all parties, written objections, pursuant to Fed. R. Civ. P. 72(b), 28 U.S.C. § 636(b)(1)(C) and Article IV, General Order No. 80-5, United States District Court for the Southern District of Texas.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within TEN (10) DAYS after being served with a copy shall bar that party, except upon grounds of *plain error*, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court. Douglass v. United Services Auto Ass'n, 79 F.3d 1415 (5th Cir. 1996) (en banc).

4