In The United States District Court
For The Southern District Of Texas
Corpus Christi Division

Plaintiff: Micheal Edward Derry
V.                                               Civil Action No. C.A. C-00-26
Wayne Scott
Wardens: Guterrez -"An"- Garcia

"Plaintiff's Motion For Joiner Of Cause Numbers"
Cause Number - C.A. C-00-26
Cause Number - S.A.-00-C.A.-57-H6
Cause Number - H-99-2093
Cause Number - H-00-3701
Cause Number - 00-50671

United States District Court
Southern District of Texas
FILED

NOV 0 1 2000

Michael N. Milby, Clerk

To The Honorable Presiding Judge Of Said Honorable Court:

Comes Now -"Plaintiff"- Micheal Edward Derry In The Above Cause Number -"C.A. C-00-26"- "An"- Files This -"Motion For Joiner"- "An"- For Good Cause In The Interest Of Justice To -"Mend"- "An"- "Consolidate"- "An"- "Incorporate"- Cause Number- "C.A. C-00-26"- To Cause Number- "S.A.-00-CA-57-H6"- To Cause Number- "H-99-2093"- To Cause Number- "H-00-3701"- To Cause Number -"00-50671"- In Support -"Plaintiff"- Will Show This Honorable Court The Following In Support Of - "Plaintiff's"- "Motion For Joiner".

(1)

"Brief Statement Of Facts Of The Case At Bar Is Necessary"
(To Show Why Plaintiff Was Using Unit's Law Library)

"Plaintiff"- Entered A -"Plea Bargain Agreement"- For A -"Six Year"- Sentence With The -"State Of Texas"- For The Offense Of -"Burglary Of A Building"- In Cause Number -"633626"- "No-More-No Less"- Under -"Due"- Process Of Law -"An"- "Plaintiff"- Recieved A -"Second"- Sentence -"Imposed"- For The -"Same"- Offense By The Following Named- "Non"- Judicial Persons Acting Under -"Color Of Law"- Article 42.12 Through 42.18 Of The V.A.C.C.P. That Causes - "Increased"- Punishment By Having -"Plaintiff"- Do -"His"- Time On The -"Time Installment Plan"- Life Sentence.

The Texas Department Of Criminal Justice - Institutional Division -"An"- The Board Of Pardons And Paroles Of The State Of Texas.

(1)



(2)
"Plaintiff Was Placed On The Garza Unit"
(By T.D.C.J.-I.D. Director)

The Following Acured-"An"-Plaintiff Filed-"A"- Civil Action In This Cause Number-"H-99-2093"-In The Southern District Of Texas:

10-28-98: Arrived At The Garza Unit In Bee County-"An"- Was Housed In The D-Building

11- -98: Informed Officers About Gang Activity On Dorm-"An"-Possible Danger To-"Plaintiff's"-Life.

11- -98: Called Down To G-Building By "Major Fink"-"An"-Asked To Identify-"Gang"-Members On Dorm-"An"-"Plaintiff"- Asked Again To Be Moved Because Of-"Gang"-Activity. "Major Fink"-Refuse To Move Plaintiff Because-"He"-Would'nt Identify-"Gang"-Members.

2-9-99: Grievance Filed About-"Gang"-Activity-"An"-Violence In Dorm-"An"-Informed-"Administration"- About Offender-"Randall Kain"-Threatening-"Plaintiff's"-Life-"An"-About Letter-"Plaintiff"-Sent To-"Internal Affairs"-About-"Plaintiff's"-Life Being-"Threatened"-By Offender-"Kain".

2-21-99: "Plaintiff"-Wrote I-60 To Warden-"Garcia"-About Problem With Offender-"Randall Kain"- (Two I-60's Were Sent)

2-24-99: "Plaintiff"-Wrote Letter To Warden Garcia-"An"-Warden Guterrez Asking Them To- "Intercede"-"An"-Have-"Plaintiff"-Moved Because Of Offender-"Kain's"-"Threat"-On-"His"-Life- "An"-Offender-"Kain's"-Continued Harrassment Of Plaintiff.

3-31-99: At-"11:30 PM"-Offender-"Randall Kain"-"Attacked"-"Plaintiff"-While-"He"-Laid-"Asleep"- In-"His"-Bunk In D-Building.

4-2-99: "Plaintiff"-Was-"Transferred"-To The-"Dominguez"-Unit In-"Bexar"-County

[All Above Events Acured On The-"Garza"-Unit-"An"-Are-"Stated"-In Cause Number-"C.A. C-00-26".

"Plaintiff Was Transferred By The-"Garza"-Unit Through
The Director Of-"T.D.C.J.-I.D"-To The Dominguez Unit"

"Plaintiff"-Was Called Into G-Building On The-"Dominguez"-Unit-"An"-Was Informed By-"Captain Dalton"-That The-"Garza Unit"-Officials Had-"Ordered"-Disciplinary Action To Be Taken Against The-"Plaintiff"-"Micheal Edward Derry"-"Due"-To-"The"-Trouble That Acured On The-"Garza Unit"-On-"March 31, 1999". This-"Captain Dalton"-"Imposed"-The Following Disciplinary Action On The-"Plaintiff"-"Micheal Edward Derry"-"Fifteen Days"- Loss Of-"Commissary Priviledges"-"Fifteen Days"-"Recreation Priviledges"-"An"-"Fifteen Days"-Good Time Credit". Those In-"Authority"-On The-"Dominguez Unit"-Found Out-"Plaintiff"-"Micheal Edward Derry"-Was Planning To-"File"-A-"Civil Action"-Against The-"Garza"-Unit That Would-"Implicate"-Them.

(2)

## "The Following Acured On The Dominguez Unit"

4-2-99: "Plaintiff"- Arrived At The-"Dominguez State Jail Unit"

4-22-99: "Plaintiff"- Called To G-Building-"An"- Informed By-"Captain Dalton"-That-"He"-Had Been Written A Major-"Case"- For The-"Attack"-"He"-"Suffered"- At The Hands Of Offender-"Randall Kain"- Back On-"March 31, 1999"- On The-"Garza Unit".

4-29-99: "Plaintiff"- Was Called Back To G-Building To Go To-"Court"-"Captain Dalton"- Found- "Plaintiff"- Guilty-"An"- Assessed Punishment At-"Fifteen Days"- Loss Of-"Commissary"- "Recreation Priviledges"-"An"-"Good Time Credits".

5-4-99: Went Through A U.C.C. Hearing-"As An Additional Punishment"- For What Had Happen To The-"Plaintiff"- On The-"Garza Unit"-"Warden Kinker"-"Voided"-"Plaintiff's"-Recent- "Promotion"- In Class-"An"- Changed-"Plaintiff's"- Custody Level From-"Minimum In"- To-"Medium In"-"An"- Placed-"Plaintiff"- In Medium Custody-"Lock-Up"- In K-Building As A Punishment Labeled-"Behavoral Modification".

5-4-99: Forced To-"Sleep"- On-"Naked"- Floor In K-Building For-"Several"- Hours

5-6-99: Letter Sent To Warden-"Kinker"- About-"Not"- Being Allowed To Go To-"Unit's"-Law Library.

From-"5-6-99"-To-"5-28-99"-"Plaintiff"- Was-"Forced"- To Go Without-"Pain"-Medication-(Proxicam 20mg)

From-"5-6-99"-To-"5-27-99"-"Plaintiff"- Was-"Forced"- To Go Without-"Sinus"-Medication-(Bromphen/PP Sa Tablet)

From-"5-6-99"-To-"5-31-99"-"Plaintiff"- Was-"Forced"- To Go Without-"Hypertention" Medication-(Benazapril HCL 20mg)

5-10-99: "Plaintiff"- Filed Grievance About-"Bosses"-In K-Building-"Not"- Allowing-"Plaintiff"- To Go To-"His"-"Sick-Call" Appointments

5-15-99: "Plaintiff"- Sent Letter To-"Internal Affairs"- About-"Abusive"- Treatment-"Plaintiff"- Was-"Forced"- To-"Endure"- From Day To Day.

5-17-99: "Plaintiff"-"Again"- Sent Letter To Warden-"Kinker"- About-"Not"- Being Allowed To Go To The Law Library.

5-20-99: "Plaintiff"- Filed Grievance-"Due"-To-"Not"- Recieving-"Proper"- Or-"Adequate"- Medical Care.

5-24-99: "Plaintiff"- Sent To The-"Fields"- Via-"Hoe Squad Fourteen"- Even Though That-"Same"- Morning At-"Sick-Call"-"Plaintiff's"- Blood Pressure Was-"158/92". While Out In The-"Fields"-"Plaintiff"- Almost-"Passed-Out"-"Four"- Times. When-"Plaintiff"- Could No Longer Keep Up-"Plaintiff"- Was-"Hand-Cuffed"-"An"- Made To-"Sit"- On A-"Rock"- In Intense-"Heat"-"An"-"Sun"- For Over-"Three"- Hours

5-25-99: "Plaintiff"- Filed Grievance-"Due"-To Being-"Forced"- To Go To-"Fields"- To-"Work"- In Direct-"Violation"- Of-"Plaintiff's"- Medical Resticktions.

5-25-99: "Plaintiff"- Forced To Go-"Back"- Out In The-"Fields"- Once Again.

5-27-99: "Plaintiff"- Filed Grievance About-"Poorly"- Fitting-"Foot"-Wear.

(3)

6-2-99: Because Of-"Improperly"-Fitting-"Foot-Wear"-"Plaintiff"- Had-"Two"- Blood Blisters-"One Under Each Ball Of Foot"-To Form On-"His"-Feet-"An"- Asked To Be Given-"Medical Shoes"- Because Of The-"Condition"-Of-"His"-Feet. "Plaintiff's"- Request Was-"Denied"- By-"Dr. Coranado."

6-5-99: "Plaintiff"- Suffered A-"Broken"-Bone In-"His"-Right Foot As A-"Direct"-Result-"Due"-To-"Not"- Having-"Properly"-Fitting Shoes-"An"-"Blood-Blisters"-On-"Feet".

6-7-99: "Plaintiff"- Wrote Grievance About-"Not"- Being-"Issued"- Medical Shoes By The-"Medical Department. Also Sent-"I-60"-To-"Head"-Of Medical Department On The-"Dominguez"-Unit-"Mr. Tribble".

6-9-99: Head Of Medical-"Mr. Tribble"-"Denied"-"Plaintiff's"- Request For-"Medical Shoes"-Even Though-"Plaintiff"- Had-"Blood Blisters"-On-"Both"-Feet-"An"- A-"Broken Bone"-In-"His"-Right Foot.

6-11-99: Even With The Pressence Of-"Blood-Blisters"-On-"Both"- Feet-"An"- A-"Broken Bone"-In-"His"-Right Foot. "Plaintiff's"- Request For-"Medical Shoes"- Was-"Again"-"Denied"-By-"Dr. Coranado".

6-11-99: Internal Affairs Officer Arrives On-The-"Dominguez"-Unit For A Meeting With "Plaintiff"- About The-"Lack"-Of-"Humane"- Medical Treatment-"An"- After Inquiring As To-"Why"-"Plaintiff"- Was Given-"Crutches"- After-"Plaintiff"- Answered-"Immediately"-"Phoned"-The-"Head"-Of The-"Medical Department"-"Ms. R. McKinney"- Who-"Ordered"- The-"Medical Department"-On The-"Dominguez Unit"-To-"Issue"-"Plaintiff"-A-"Pair"- Of-"Medical Shoes".

"Even After Being-"Ordered"-To Issue-"Plaintiff"- A-"Pair"-Of-"Medical Shoes"-By-"Ms. R. McKinney"-"Plaintiff"- Was-"Forced"-To Go-"Bare"-Footed Around The-"Dominguez Unit"- From-"June 1999"- Until-"His"- Discharge Date In-"October 29, 1999".

6-23-99: After-"Suffering"- For-"Eighteen"- Days With A-"Broken Bone"-In-"His"-Right Foot Enduring-"Great"-Pain-"An"-"Discomfort"-"Plaintiff"- Was-"Finally"-Seen By-"Dr. Coranado"-At Which Time A-"Cast"-Was Placed On-"Plaintiff's"- Broken Foot.

["Plaintiff"- Micheal Edward Derry-"Filed"-"His"-"42 USC § 1983" Civil Action In Cause Number-"H-99-2093"-In The-"Southern District Of Texas"-Houston Division-"An"-The Southern District Court-"Severed"-"Plaintiff's"- Civil Action Into More Than-"One"- Civil Action As Shown Below.]

Part Of-"Plaintiff's"- Civil Action Was Sent To-"Corpus Christi"-"An"- Informed This Was A-"New"- Civil Action In-"Corpus Christi"-"An"- Given Cause Number-"C.A. C-00-26"- Pertaining To What Acured On The-"Garza Unit"-"Only". "Plaintiff"- Recieved Notice From The-"Federal"-Court House In-"San Antoine"-Texas That It Had-"Recieved"- Part Of-"Plaintiff's"- Civil Action From-"Southern District"-Out Of Cause Number-"H-99-2093"- Filed In That Court-"An"- Informed-"Plaintiff"- Of-"His"-"New"- Civil Action Number-"5:00-CV-0005T"- For What Had Acured On The-"Dominguez"- Unit-"Only".

(4)

### "Plaintiff Asserts"

The-"Case"-File In-"Corpus Christi"-In Cause Number-"C.A. C-00-26"-"An"-The Cause Number-"S.A.-00-CA-57-HG"-Filed In-"San Antoine"-Texas Are-"One"-In The-"Same"-Like-"Brother"-"An"-"Sister"-In Fact Like-"Twins". Any Unit In The-"Texas Department Of Criminal Justice-Institutional Division"-Is-"Owned"-By The-"State Of Texas"-It's All-"Texas Department Of Criminal Justice-Institutional Division"-One-"Massive"-Unit In The-"Same"-"State"-But In-"Different"-Counties.

The-"Employees"-On-"All"-The Units Of The-"Texas Department Of Criminal Justice-Institutional Division"-Have The-"Same"-Supervisor-"Boss"-Director-"Wayne Scott"-Of The-"Texas Department Of Criminal Justice-Institutional Division"-An-"Employee"-Of The-"State Of Texas".

### "Plaintiff Further Contends"

For What Took Place On The-"Garza"-Unit-"Plaintiff"-Recieved-"Additional"-Punishment On The-"Dominguez"-Unit By-"Orders"-Of Those In Authority On The-"Garza"-Unit To Their-"Fellow"-"Employees"-Who Carried Out The-"Punishment"-In-"Behalf"-Of The Authorities On The-"Garza"-Unit.

### "Plaintiff's Argument"

The-"Federal"-Court In The-"Southern District"-Houston Division-"Never"-Should Have-"Severed"-"Plaintiff's"-Civil Action. Southern District Should Have-"Transferred"-"Plaintiff's"-Civil Action To The-"Proper"-Federal Court In-"Corpus Christi"-For That Court To Make The-"Decision"-Of Whether The Case Should Be-"Severed"; "Plaintiff"-Contends Southern District-Houston Division Did-"Not"-Have-"Proper"-Jurisdiction Of The Case To-"Severe"-It. Furthermore The Southern District Court-"Split"-The-"Plaintiff's"-Evidence Up. For What Took Place On The-"Dominguez"-Unit Is-"Plaintiff's"-Evidence-"Against"-The-"Defendants"-On The-"Garza"-Unit. Therefore Is-"Related"-Like-"Brother"-And Sister"-Like-"Twins"-This Honorable Court Cannot-"Throw"-"Plaintiff's"-Evidence Out In This Case At Bar In This Cause Number-"S.A:00-CA-57-HG"-For-"Plaintiff"-Has Just-"Entered"-It Into-"Evidence"-That It Is-"His"-Evidence-"Against"-The-"Defendants"-In This Case At Bar In This Cause Number-"C.A. C-00-26".

### "Finally Plaintiff Asserts"

That This Cause Number-"H-00-3701"-Is-"Pertinent"-Evidence In The Case At Bar For It Will Show That-"Plaintiff"-Was Being-"Held"-"Illegally"-By The Defendant's-"Supervisor"-The-"Texas Department Of Criminal Justice-Institutional Division"-"Employer"-"State Of Texas"; (Attachee Hereto Is-"All"-Documents-"Plaintiff"-Filed In This Civil Action In Cause Number-"H-00-3701"-In The Southern District Of Texas-Houston Division)

Respectfully Submitted On This The 30TH Day Of October 2000
By: *Micheal Edward Derry* #630520
T.D.C.J-I.D. Penal Institution-Cornell Corrections
Ben A. Reid Unit Facility
10950 Beaumont Hwy. Houston Texas 77078

"MOTION FOR JOINER"

GRANTED_____ OR DENIED_____ ON THIS_____ DAY OF_____ 2000 BY THE HONORABLE PRESIDING FEDERAL COURT JUDGE IN CORPUS CHRISTI IN THE SOUTHERN DISTRICT CORPUS CHRISTI DIVISION

JUDGE: _____  _____

RESPECTFULLY SUBMITTED ON THIS THE 30TH DAY OF OCTOBER 2000
BY: Micheal Edward Derry #630520
T.D.C.J-I.D. PENAL INSTITUTION - CORNELL CORRECTIONS
BEN A. REID UNIT FACILITY
10950 BEAUMONT HWY. HOUSTON TEXAS 77078

(6)

# EXHIBITS <u>NOT</u> IMAGED