Case 2:00-cv-00026   Document 36   Filed in TXSD on 11/13/2000   Page 1 of 23

In The United States District Court
For The Southern District Of Texas
Corpus Christi Division

Micheal Edward Derry
   Plaintiff
V.

Wardens: Guterrez "An" Garcia
   Defendants

Civil Action No. C.A. C-00-26

"Motion Of Entry"
(Prudant Evidence Of Pertinent Evidence)
[ In Cause Number-H-00-3701]

To The Honorable Judges Of Said Honorable Court:
 Comes Now-"Plaintiff"- Micheal Edward Derry In Cause Number-"C.A. C-00-26"- And For Good Cause In The Interest Of Justice And Presents The Following-"Prudant Evidence Of Pertinent Evidence"-"Vital"-To The-"Plaintiff's"- Micheal Edward Derry's-"Defense"-"An"-"Post Conviction Writ Of Habeas Corpus"-To-"Support"-"His"- Allegation In This Cause Number-"H-00-3701"- For Said-"Plaintiff"- Micheal Edward Derry-"Considers"-The Said-"Prudant Evidence Of Pertinent Evidence"-Is-"Vital"-To The Case At Bar.
   ("See"- Attached Sheets Of Prudant Evidence)

   Respectfully Submitted This The 3ʳᵈ Day Of November 2000
   By: Micheal Edward Derry # 630520
   T.D.C.J.-I.D. Penal Institution-Cornell Corrections
   Ben A. Reid Unit Facility
   10950 Beaumont Hwy. Houston Texas 77078

"Motion"

Granted ____ Or Denied ____ On This The ____ Day Of _____ 2000 By The Honorable-"Presiding"-Judge.

   Judge: _____

(1)

# Certificate Of Service

"Applicant" Swears Under The Pains And Penalty Of Perjury That "He" Has Sent A Copy Of "His" Motion Of Entry-Prudant Evidence Of Pertinent Evidence-In Cause Number "H-00-3701" To The Following Named Persons By Certified United States Postal Service:

(1)

Original Copy Has Been Sent To The Honorable "Federal" Court Of The Southern District Of Texas In Corpus Christi Texas In Care Of The Honorable Clerk Of Court-521 Starr Street-Corpus Christi Texas 78401-For The Honorable-"Judge" Of Said Court-The Honorable "B. Janice Ellington" In Cause Number "C.A. C-00-26.

(2)

A Copy Has Been Sent To "Warden Gutierrez" ET. AL. In Care Of-"Defendant's" Attorney Of Record "Carlos D. Lopez" Assistant Attorney General- P.O. Box 12548- Austin Texas 78711-2548.

Respectfully Submitted On This The 10th Day Of November 2000
By: Micheal E. Derry  #630520
T.D.C.J.-I.D. Penal Institution-Cornell Corrections
Ben A. Reid Unit Facility
10950 Beaumont Hwy. Houston Texas 77078

(2)

Case 2:00-cv-00026   Document 36   Filed in TXSD on 11/13/2000   Page 3 of 23

```
CSIMF800/INI801              COMMITMENT INQUIRY              10/20/00 10:00:55
INMTCICS/ATU2054 /BP27   TDCJ-ID NO: 00630520 SIDNO: 02265447
NAME: DERRY,MICHAEL EDWARD          APPL:        STATUS: P DS   S3   #OFF: 01
OLD TDC#: 00554918 CNTY CONV: 101                                       72ND
OFF-REC:    2212 PRJ RL: 10-29-1999 REC:    12-22-1992 MAX-TERM:   6Y  0M  0D
PEN-REC: 030.020 MAX-EX: 03-18-2001 BEGIN: 05-22-1992 PAR-ELIG: 01-01-0001
                                                      INMATE TYPE: ID
    OFFCD: 22120000 BURG BLDG WIC THEFT                                  72ND
      PENAL:030.020  MS:Y PLEA:G CAUSE:633626          CNT:      OFF:05-22-1992
      CC  CNTY OFF:101  CNTY/CRT:101 337 MAX TERM:  6Y  0M  0D  BEG:05-22-1992
      MIN EXP:10-29-1999 MAX:03-18-2001 PAR ELIG:01-01-0001 SENTENCED:05-26-1992
      OFF TDCNO: 00554918                               CTO DATE 01-01-0001


PF7:UP,PF8:DOWN,PF2:TOP OF LIST,OR NEXT REQUEST/TDC _____  OR SID _____
END OF OFFENSES; ALL OFFENSES HAVE BEEN DISPLAYED
```

# State of Texas

DPO

DPS NO: 02265447

## TEXAS DEPARTMENT of CRIMINAL JUSTICE
### PARDONS and PAROLES DIVISION

# Certificate of Mandatory Supervision

## KNOW ALL MEN BY THESE PRESENTS:

The Texas Department of Criminal Justice Pardons and Paroles Division of the State of Texas has been furnished information by the Texas Department of Criminal Justice Institutional Division that

| **DERRY, MICHAEL EDWARD** | 00630520 | DU |
|---|---|---|
| Name | TDCJ No. | |

now confined in the Texas Department of Criminal Justice Institutional Division is eligible for MANDATORY SUPERVISION under the provision of Art. 42.18 C.C.P. A satisfactory release plan has been submitted; THEREFORE, the Board of Pardons and Paroles hereby orders that the said inmate be released under Mandatory Supervision to the confines of the state and that he shall be deemed on mandatory supervision and that he shall immediately report as indicated below for supervision under the officer to whom he shall be assigned:

REID COMM. CORR. FACILITY
10950 BEAUMONT HWY 90
HOUSTON, TX  77072

Report immediately and directly to your assigned halfway house(HWH). If verifiable transportation delays or other emergency occurs, contact the HWH immediately. Failure to do so will cancel further gate money and result in the issuance of arrest warrant.

and that he be permitted to be at liberty in the legal custody of the Texas Department of Criminal Justice Institutional Division but amenable to the orders of the Board of Pardons and Paroles and the Pardons and Paroles Division, and under the rules and conditions of mandatory supervision. The period of mandatory supervision shall be for a period equivalent to the maximum term for which the prisoner was sentenced less calendar time actually served on the sentence. The time to be served under mandatory supervision is also calculated as calendar time. This permit to be at liberty on mandatory supervision is granted upon condition that the said inmate shall observe and perform all the rules and conditions shown on the reverse of this certificate and any Special Conditions listed which are imposed shall be indicated below by listing their corresponding letter(s). This certificate shall become effective when eligibility requirements for mandatory supervision under Art. 42.18 C.C.P. have been attained by said inmate or when mandatory supervision is ordered by the Board of Pardons and Paroles under Sections 8(c) or 8(d) of Art. 42.18 C.C.P. BE FURTHER KNOWN THAT ANY VIOLATION OF SUCH RULES OR CONDITIONS SHALL BE SUFFICIENT CAUSE FOR REVOCATION OF THIS MANDATORY SUPERVISION, AND THAT ALL TIME SERVED ON MANDATORY SUPERVISION SHALL BE FORFEITED.

## SPECIAL CONDITIONS

(1) O    (2) H

Legal County of Residence  : HARRIS
Approved County of Release: HARRIS
Due To:

ISSUED BY ORDER OF THE BOARD OF PARDONS AND PAROLES, AND UNDER THE SEAL, OF THE TEXAS DEPARTMENT OF CRIMINAL JUSTICE AT AUSTIN, TEXAS ON THIS THE _____29TH_____ DAY OF __OCTOBER__ 1999 .

BOARD OF PARDONS AND PAROLES

If Mandatory Supervision is satisfactorily completed, Discharge Date will be 3-18-2001

## ATTACHMENT - SPECIAL CONDITION - 'O' — OTHER

NAME:        DERRY,MICHAEL EDWARD
TDCJ NUMBER: 00630520

O-ELECTRONIC MONITORING

NOV 0 3 1999

# TEXAS DEPARTMENT OF CRIMINAL JUSTICE
## PAROLE DIVISION

## ATTACHMENT - SPECIAL CONDITION - 'O' - OTHER

In accordance with Board of Pardons and Paroles Order 98-10.01 dated 10/7/98 and Sections 508.044 and 508.045 of the Texas Government Code, the releasee is required to obtain a Texas Department of Public Safety (DPS) Personal Identification Card or Driver's License. The releasee shall comply with all applicable laws, rules and regulations in connection with this policy. A Texas driver's license or personal identification card issued by the Texas D.P.S. shall be kept in the releasee's possession at all times for the duration of the supervision period and shall be presented to law enforcement and Texas Department of Criminal Justice officials upon request.

# ATTACHMENT - SPECIAL CONDITION 'H'

**NAME:**  **DERRY,MICHAEL EDWARD**

**TDCJ NUMBER:** **00630520**

The Texas Department of Criminal Justice Board of Pardons and Paroles Division ("Board") of the State of Texas hereby orders that the above named inmate be released, subject to all general and specific conditions enumerated in the original Release Certificate, and in addition the following Special Conditions:

a.  I shall go directly to and reside in a halfway house designated by the Board of Pardons and Paroles Division up to 180 days or until released by the Board.

b.  While residing in the halfway house, I shall abide by the rules of the residence and shall attend all required halfway house meetings.

c.  I shall not leave the physical confines of the halfway house and its property except for traveling to and from work and while working, or as authorized by halfway house rules.

d.  I shall pay 25% of my gross income to the halfway house during my stay in the facility and comply with the terms and conditions of my financial obligations as specified in my contractural agreement with the halfway house.

e.  If I have the use of a motor vehicle, I shall leave all keys to the motor vehicle with the halfway house staff when the motor vehicle is not in authorized use.

"They Forgot The Following"

F. T.D.C.J.I.D.- Penal Institution- Cornell Corrections - Reid Unit Facility "Recieves" "Food Stamps" For Micheal Edward Derry's "Stay."

G. Micheal Edward Derry "Pays" "Twenty-Five Percent" Of "His" "Gross" Income As "Assessments" After The Company "He" Works For Has "Taken" Out Federal Income Tax "Social Security" "Insurance" "An" "Several" Other Deductions That "Micheal Edward Derry" Must Pay "Assessments" On "Out" Of "His" "Paycheck" Plus "The Federal Government" "Pays" "T.D.C.J.I.D." For "Micheal Edward Derry" Stay In "T.D.C.J.I.D. Penal Institution-Cornell Corrections-Reid Unit Facility-10950 Beaumont Hwy. Houston Texas-77078. ("See" Attached Sheets)

H. "T.D.C.J-I.D.-"Texas Correctional Industries"-"Only"- Give Good Time Credit For-"Wages"- That Is-"Worthless"- To An-"Incarcerated"- Felon That-"Must"- Be Signed-"Back"- To The-"Major Stockholders"- Of-"Texas Correctional Industries" Known As-"The State Of Texas"-When-"Released"-To-"Mandatory"- Supervision Or-"Parole"-Therefore An-"Incarcerated"- Felon Recieves-"Nothing"-For-His-"Wages"- A Form Of-"Servitude Of Slavery" When Signing-"Back"- Their Good Time Credit Upon Being- "Released"-From-"Incarceration".

"The Bottom Line"
(Under Texas Law)

An Incarcerated Felon Is-"Not"- Allowed To Have Money-Earn Money-Or- Enter Contracts Or Agreements While Incarcerated With Anyone While In The Texas Department Of Criminal Justice-Institutional Division.



TDCJ #630520
(SAVINGS)



TDCJ #630520
(ASSESSMENTS)

# MEMCO

3705 PINEYWOODS
HOUSTON, TEXAS 77018
713-683-8996

43903
DERRY, MICHAEL E.

STATEMENT OF EARNINGS AND DEDUCTIONS

Route: L
Check No: 9152837
Check Date: 09/08/00
Period End: 09/03/00

| Period Earnings | Hours | Rate | Amount | Description | Period Amount | Year to Date |
|---|---|---|---|---|---|---|
| gular | 16.00 | 5.750 | 92.00 | --Gross Pay-- | 92.00 | 120.75 |
| | | | | FED FICA | 5.71 | 7.49 |
| | | | | FED Medicare | 1.33 | 1.75 |
| | | | | Child Supprt | 42.48 | 55.78 |
| | | | | MEMCO Trnspt | 6.00 | 6.00 |
| Total Gross | 16.00 | | 92.00 | * Deductions | 55.52 | * Net 36.48 |

1  111

# MEMCO
3705 PINEYWOODS
HOUSTON, TEXAS 77018
713-683-8996

**DERRY, MICHAEL E.**

Check No: 9155750
Check Date: 09/22/00
Period End: 09/17/00

## STATEMENT OF EARNINGS AND DEDUCTIONS

| Period Earnings | Hours | Rate | Amount | Description | Period Amount | Year to Date |
|---|---|---|---|---|---|---|
| Regular | 5.00 | 5.750 | 28.75 | --Gross Pay-- | 28.75 | 120. |
| | | | | FED FICA | 1.78 | 7. |
| | | | | FED Medicare | .42 | 1. |
| | | | | Child Supprt | 13.28 | 55. |
| * Total Gross | 5.00 | | 28.75 | * Deductions | 15.48 | * Net    13. |



TDCJ-ID # 630520
(ASSESSMENTS)

TDCJ-ID # 630520
(SAVINGS)

```
******************************************************************
*** REQUESTOR: CBR8335 - BRYANT, CHANDRA      PD-HOUSTON DPO II    ***
******************************************************************
***           S Y S M   E F O R M   P R I N T                    ***

MESSAGE ID: 284745      DATE: 03/30/00  TIME: 11:47am  PRIORITY: 000

SUBJECT:   DERRY, TDCJ 630520, VR
```

TEXAS DEPARTMENT OF CRIMINAL JUSTICE
PAROLE DIVISION
ABSCONDER
VIOLATION REPORT

SPECIALIZED CASE HWH                    REPORT DATE: 03-30-2000
SECTION I: GENERAL INFORMATION

NAME: DERRY, MICHAEL EDWARD              NUMBER: 630520
LOCATION ADDRESS UNK                    CITY: UNK          STATE: UNK
SID/DPS: 02265447 FBI: 190321R1    SSN: 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 SEX: M RACE: BLACK
HEIGHT: 5'11  WEIGHT 234 EYE COLOR: BRO      HAIR COLOR: BLK
SKIN COMPLEXION: MBRO      DOB: 11-1-54      STATE OF BIRTH: TEXAS
SCARS/MARKS/TATTOOS: NONE
RELEASEE'S PHYSICAL LOCATION (IN CUSTODY) NA
ADDRESS & ORI # (IF OUT OF STATE) NA

RELEASE DATE: 10-29-99   DISCHARGE DATE: 3-18-2001
INSTANT OFFENSE: BURG BLDG W/C THEFT

COUNTY: HARRIS            SENTENCE: 6YEARS

SECTION II: VIOLATIONS
CHARGE: NONE            FELONY: 1   2   3   STATE JAIL   MISD: A   B   C
CHARGE:                FELONY: 1   2   3   STATE JAIL   MISD: A   B   C
CHARGE:                FELONY: 1   2   3   STATE JAIL   MISD: A   B   C
CHARGE:                FELONY: 1   2   3   STATE JAIL   MISD: A   B   C
(IF MORE THAN 4 CHARGES, INCLUDE CLASS OR TYPE IN NARRATIVE)
RULE NUMBERS: VIOLATION NO. 1 RULE NO. 3 CHANGING RESIDENCE
ON 11-4-99 PAROLE OFFICER C. BRYANT INSTRUCTED OFFENDER NOT TO CHANGE
RESIDENCE WITHOUT WRITTEN PERMISSION.  ON 3-29-2000 OFFENDER CHANGED
RESIDENCE TO AN UNDISCLOSED LOCATION.  AT NO TIME WAS OFFENDER
AUTHORIZED TO RESIDE ANYWHERE ELSE OTHER THAN AT THE REID FACILITY
AT 10950 BEAUMONT HWY HOUSTON, TX.

VIOLATION NO. 2 RULE NO. 8H HALFWAY HOUSE PLACEMENT
ON 11-4-99 PAROLE OFFICER C. BRYANT INSTRUCTED OFFENDER TO ABIDE BY
ALL PAROLE RULES AND SPECIAL CONDITIONS WHICH WERE AUTHORIZED BY THE
BOARD.  ON 3-29-00 OFFENDER FAILED TO ABIDE BY SPECIAL CONDITION 8H
BY ABSCONDING.

SECTION V: OTHER

.  COMMENTS: NONE.

.  ATTACHMENTS: NONE.

.  CERTIFICATIONS:
MY NAME IS   CHANDRA BRYANT                        , I AM CURRENTLY EMPLOYED FOR
THE TEXAS DEPARTMENT OF CRIMINAL JUSTICE IN THE CAPACITY OF PAROLE OFFICER11
                              , AND HAVE BEEN SO EMPLOYED FOR  05  MONTHS AND/OR
07  YEARS.  I SWEAR OR AFFIRM THAT I HAVE READ THE ABOVE REPORT, AND
IT IS TRUE AND CORRECT TO THE BEST OF MY KNOWLEDGE, INFORMATION AND BELIEF.

CHANDRA BRYANT    *Chandra Bryant*                          03 / 30 / 2000
PAROLE OFFICER SIGNATURE                                     DATE

BARBARA LEMAY    *B. Lemay*                                  03 / 30 / 2000
SUPERVISOR'S APPROVAL                                        DATE

CENTRAL OFFICE DECISION:



          DESIGNATED AGENT                          /    /
                                                    DATE

DISTRIBUTION: SUPERVISING OFFICER: CHANDRA BRYANT
              OFFICE: HOUSTON 7
              OFFICER'S USER ID: CBR8335

              AGENT OFFICER:
              OFFICE:
              AGENT'S USER ID:

              UNIT SUPERVISOR: BARBARA LEMAY
              OFFICE: HOUSTON 7
              UNIT SUPERVISOR'S USER ID: BLE1300

ADDITIONAL DISTRIBUTION:

  ILE

PAGE.10

MAR 29 '00 23:33 FR

10:60.00 '00 0E MAR

Case 2:00-cv-00026   Document 36   Filed in TXSD on 11/13/2000   Page 13 of 23

5124065874 TO 917136714357        P.02/02

JAN 03 '93 17:49 FR SPECIALIZED SUPERVISI2 405 5755 TO 6971357:4352        P.05/05

## TEXAS DEPARTMENT OF CRIMINAL JUSTICE - PAROLE DIVISION
### VIOLATION REVIEW

Name: Derry Micheal       TDCJ #: 1130520

SID/PFS: 7206447    FBI: 19032181    SSN: 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    Sex: M    Race: B

Height: 510    Weight: 224    Eye Color: BRN    Hair Color: BLK

Skin Complexion: Light skinned   DOB: 11-1-84    State of Birth: TX

Scars/Marks/Tattoos: NONE

Release Date: 10-29-99    Discharge Date: 3-18-2001

Instant Offense: Burglary Bldg w/commit theft

County: Harris    Sentence: 4 yr D

Special Cond. —  SO:        VOF:        SNO:        SISP:

Facility: BEN A. Reid Community Residential    Arrival Date: 10-29-99

Parole Officer's Name: Bryant    District Office: Houston VII

On or about the above-mentioned arrival date, client was contacted by the facility staff and the parole officer of facility rules and regulations and all aspects of his parole.

## VIOLATION

1. Escape
Date: _____
Approximate Time: _____
Facility Location: _____

2. Absconded
Curfew: _____
Date: _____
Approximate Time: _____

3. Unauthorized Departure
Curfew: _____
Date: _____
Approximate Time: _____

4. Curfew Violation
Curfew: _____
Date: _____
Approximate Time: _____

5. Pass Violation - Pass Instructions: Resident Sign out to work @ 4 am. Resident was due back @ 9 pm. Resident has not returned back to the facility.

6. Failure to arrive - Verified Release: Y( ) N( )
Scheduled Arrival Time: _____

7. Law Violation - In Custody: Y( ) N( )
Offense: _____
Date: _____
Location: _____

## CONTACTS

1. Jail - Name of facility: Houston Police Department   Staff Member: Officer Garcia
Time of contact: 9.45 pm

2. Hospital - Name of facility: LBJ  or  Ben Taub   Staff Member: Ms Avery
Time of contact: _____

M. Tunwar                    M. Tunwar
Print Name of Reporting Authority    Signature/Date

FAX #: 713-671-4357    Phone #: 713-671-4353

For TDCJ - Parole Division Central Office Use Only
Time Paged Analyst:
Decision: Issue warrant (P)    PA's Name: Chidi Nduonanya
Date: 3-29-2000    Time: 11:05 pm
Warrant #: _____    PA's Signature: _____

Comments: _____

SSS-76 (rev. 01/18/93)

# PAROLE DIVISION
## ADJUSTMENT STATEMENT

Name _DERLY, Michael Edward_          Number _630520_

## SECTION I

**A. Criminal History (Prior):** _1-90 Burg Habt W/I Theft W/Photo_
_Revoke - Pos w/a for cocaine_
_10-95 - Poss CLS 10y Def. Adj. Prob. Terminated unsatisfactory_
_2-97 6-90 Burg w/ Habit w/I Theft 5 yTDC Ret pv 5-92 due_
_to new conviction 5-92: Burg of bldg w/I theft 10y TDC inc 10-95_
_due to Attempted Assault w/a FM dismissed, Terrist Threats-dismissed_
_Poss CLS - 16y Prob; Revo'd MIS 11-97-MSV F-98 due to failure to_

## SECTION II

**A. Employment** _make available for home visits, changing residence theft2,_
_failure to identify_
1. If employed, name of employer: _PORTA Kamp,_
Length of employment: _Approx. 4 mos_
2. If unemployed, how long unemployed: _NA_
Reason: _____

**B. Fees**
1. Supervision fees: Current ( ), Deferred ( ), Arrears (X)
Explanations: _Did not pay_
2. Restitution fees: Current ( ), Deferred ( ), Arrears (X)
Explanations: _Not required_

## SECTION III

**A. Home/Marital**
Adjustment: ( ) Satisfactory ( ) Marginal (X) Unsatisfactory _Moved w/o permission_
Explain:

**B. Special Condition Compliance**
Adjustment: ( ) Satisfactory ( ) Marginal (X) Unsatisfactory _Moved w/o permission_
Explain:

Adjustment: ( ) Satisfactory ( ) Marginal ( ) Unsatisfactory
Explain:

Adjustment: ( ) Satisfactory ( ) Marginal ( ) Unsatisfactory
Explain:

## SECTION IV

Arrest (s) since release – Date (s), Charge (s), Disposition (s), and Board action for each _NA_

Other reported violation (s) – ROV date (s), rule (s) alleged, and Board action for each _NA_

## SECTION V

Does the individual meet the criteria for EM and/or ISF - (X) Yes ( ) No. Indicate which _BOTH_

Proposed plan if offender is continued on supervision: _Halfway House Placement_
Residence _____ ( ) Verified ( ) Not Verified

Employment _____ (X) Verified ( ) Not Verified

Officer Signature _Chandra Bryant_   Date _3-30-00_

4-16-00

①

# "Statement Of Facts"

The Following, Is Offender, Micheal E. Derry's, #630529, Sworn Statement Of Facts, Citing The Lies, The Underhanded Practices, And Gross Misuse Of Authority, In Which He Was Forcibly Forced To Endure At The Hands Of Mrs. Lemay, (Parole Supervisor At The Hamilton Street Parole Office) Ms. Bryant + Mrs. Moss, (Parole Officers At The Hamilton Street Parole Office), And Ms. McNeese, (Counselor At The Ben A. Reid Correctional Facility), Located At 10950 Beaumont Hwy., In Houston Texas.

All Statements Herein Can Ben Substantiated And Verified By Mr. Mike Smith, (Director Of The Rehabilitation Center, A Halfway House Located On Crane Street In Houston Tx).

The Human Resource Officer At The Offender's Job At, (Porta Kamp Inc., 555 Gelhorn),

The Supervisior Of The T.R.C. Office, (Ms. Magee), Located In The Doctor's Atrium Building On 610 Fwy, Houston Tx.

(February 21, 00) - On Or About This Date, Parole Officer, Chandra Bryant, During A Monthly Parole Visit At The Offenders Job, (Porta-Kamp Inc.), Asked Offender Derry, Whether Or Not, If He Had A Parole Plan To Submit To Her. I Told Her No, She Then Asked, How Much Money I Had In My Savings. I Replied, I Have $500.00, She Said That That Was Enough For Me To Move Out Of The Reid Center And Get A Place Of My Own.

#1

③

At That, I Said To Ms. Bryant, That $500.₀₀ Was Only Enough To Get Me A Room At A Dope House. I Also Informed Her Of My Being Currently In The Process Of Going Through The Texas Rehabilitation Commission, T.R.C., And That T.R.C. Was Going To Relocate Me To The Halfway House On Crane Street And Send Me To Truck-Driving School At The Houston Community College, In An Effort To Gain A Marketable Skill By Securing A C.D.L. License, Which Would All But Eliminate Any Future Chance Of My Returning To A Life Of Crime, Drug Use, And Doing Time In Prison.

Ms. Bryant Became Upset And Verbally Abusive, Telling Me That I Needed To Get Out Of The Reid Facility Right Now. And That As Far As My Going To School, "I Did'nt Have Time To Go To School Under Any Circumstances."

(March 3,00): I Completed All Required Steps Of Being Qualified To Recieve Benefits From T.R.C.. And On This Date, During My Appointment With Ms. Magee, My Counselor At That Office, To Discuss Services, Which Were:

(1) To Relocate Me To The Halfway House On Crane Street, Paying My Room And Board For A Period Of 90 Days. A Confirmed Opening Of A Bed At The Halfway House Was Verified And Secured In My Name, When Ms. Magee Contacted Mr. Mike Smith By Phone.

(2) Provide Me With Transportation, Via Metro, By Is-

③

SUING ME BUS PASSES, (MONTHLY), FOR A THREE MONTH
PERIOD.
(3) FUND MY ENROLLMENT AND STUDIES IN THE TRUCK
DRIVING CLASS AT HOUSTON COMMUNITY COLLEGE.

WHILE IN MS. MAGEES OFFICE, I CONTACTED MS. McNEESE,
MY COUNSELOR AT THE REID FACILITY, INFORMING HER OF MY
STATUS WITH T.R.C. AND THEN ASKED HER TO FAX A COPY
OF MY PAROLE PLAN TO MS. BRYANT AND SHE SAID SHE WOULD.

(MARCH 17,00): AFTER TWO WEEKS OF WAITING, FOR WORD ON MY PAROLE
PLAN AND NOT HEARING ANYTHING, I WENT TO MS.
McNEESE'S OFFICE AND ASKED HAD SHE HEARD ANYTHING.
SHE ASSURED ME THAT SHE HAD SENT MY PAROLE PLAN
IN TO MS. BRYANT AND THAT IT WAS PROBABLY STILL
BEING PROCESSED. AND FOR ME TO BE PATIENT. (THIS PROVED
TO BE A LIE LATER).

(MARCH 24,00): AFTER WAITING ANOTHER WEEK, I CONTACTED MS. BRY-
ANT BY PHONE, ASKING HER, HAD SHE HEARD ANYTHING
PERTAINING TO MY PAROLE PLAN. MS. BRYANT SAID SHE HAD
NOT RECIEVED A PAROLE PLAN FOR ME AS YET, AND THAT
ON 3-23-00, WHILE SHE WAS AT THE REID FACILITY,
DOING PAROLE VISITS WITH OTHER CLIENTS, MS. McNEESE
TOLD HER THAT SHE HAD A PAROLE PLAN FOR ME TO SUB-
MIT TO HER AND THAT SHE WOULD FAX IT TO HER
LATER THAT DAY. BUT AS OF OUR CONVERSATION, MS.
McNEESE HAD STILL NOT FAXED HER MY PAROLE PLAN.

④

At That Time I Personally Gave Ms. Bryant My Parole Plan Over The Phone.

Later That Day, In Order To Bring To The Attention Of Mrs. Lemay, (Supervisior Of The Hamilton St. Parole Office), I Had The Human Resource Director At Porta-Kamp Inc., In Hopes Of Speeding Up The Process Of Having My Parole Plan Approved, Talk To Mrs. Leman, Informing Her Of What Ms. McNeese Had Done.

Mrs. Lemay, Told Him That I Did'nt Know What I Was Talking About, I Had Lied To Him About Everything, And For Me To Contact Her.

When I Contacted Her, She Became Excited And Verbally Abusive, Just Shy Of Cursing Me, Telling That She Did'nt Care What Ms, McNeese Had Done, "That That Was Water Under The Bridge". And That It Would'nt Do Any Good Or Change Anything At All No Matter Who I Had Call Her. She Said, That It Seemed To Her That I Was Trying To Have Things My Way And That That Would Never Happen. I Asked Her, Since When Does Sin A Man, Utilizing Programs Created For Him And Others Like Him, To Better Himself By Seeking A Marketable Skill Constitutes His Trying To Have Things His Way.

At This, She Said, My Parole Plan Would Be Processed When She Felt Like It And Hung Up In My Face.

(March 28, 00): I Contacted Mr. Smith, Director Of The Halfway House,

⑤

On Crane Street. During The Conversation, Mr. Smith Said That, A Mrs. Moss, A Parole Officer Out Of The Hamilton Street Parole Officer, Had Contacted Him And That She Had Approved My Parole Plan.

I Then Asked Mr. Smith, Who Was Mrs. Moss, He Said That Mrs. Moss Was My New Parole Officer.

Now, As Noted By My Seeing Others, Who Go Through The T.R.C. Process, That Once The Parole Plan Had Been Approved, It Took Less Than 24 Hrs, For The Parolee To Be Transferred To The Crane St. Halfway House.

(March 30,00): Two Days After My Parole Plan Had Supposedly Been Approved, I Was Getting Ready To Leave Work At Porta-Kamp, When One Of The Security Guards Gave Me A Note From Ms. McNeese, Requesting That, I Contact Her, "A.S.A.P." When I Arrived Back At The Reid Facility, I Went To See Ms. McNeese In Her Office, She Proceeded To Tell Me That She Had Good News And Bad News For Me. The Good News Was, My Parole Plan Was Approved And That Mrs. Moss Had Told Mrs. Parker, (Counselor Super-Vision), At The Reid Facility, That She Was Not Going To Stop Or Delay My Parole Plan, But, That The Bad News Was That I Had Warrants Out For My Arrest, And That Before I Could Be Moved To The Crane Street Halfway House, I Would Have To Take Care Of The Warrants Either By Paying The Fines Or By Laying Them Out.

⑥

(MARCH 31,00): BECAUSE OF WHAT MS. McNEESE HAD SAID ABOUT ME HAVING
WARRANTS OUT FOR MY ARREST, I TOOK OFF FROM WORK,
GOING DOWNTOWN WITH THE INTENT TO GET THE WAR-
RANTS TAKEN CARE OF.

BUT AFTER GOING TO THE COUNTY COURT HOUSE AND
THE HOUSTON POLICE DEPARTMENTS, I LEARNED THAT ALL
THE TALK ABOUT ME HAVING WARRANTS DOWNTOWN
WERE NOTHING BUT A PACK OF LIES.

AT THAT MOMMENT, I IMMEDIATELY PHONED THE PAROLE
OFFICE IN AN ATTEMPT TO FIND OUT, WHY WOULD
MRS. MOSS LIE ABOUT ME HAVING WARRANTS OUT FOR
MY ARREST.

THE SECRETARY TOLD ME THAT MRS. MOSS WAS NOT IN
THE OFFICE AND WOULD NOT BE IN, ANY TIME THAT DAY.
I THEN ASKED TO SPEAK TO MRS. LEMAY, I COULD HEAR
HER IN THE BACK GROUND, TELLING THE SECRETARY TO
TELL ME SHE WAS NOT IN. THE SECRETARY REFFERRED
ME TO THE SUPPOSED DUTY OFFICER, WHO SAID, "THERE
WAS NOTHING SHE COULD DO TO HELP ME AND THAT I
WOULD HAVE TO TALK TO MRS. MOSS ON MONDAY.

(APRIL 3,00): I CALLED MRS. MOSS AT HER OFFICE AND TOLD HER THAT ON
3-31-00, AFTER GOING TO THE HARRIS COUNTY COURT HOUSE
AND THE HOUSTON POLICE DEPARTMENT, I FOUND NO WAR-
RANTS FOR MY ARREST AT EITHER LOCATION. THEN I ASKED
HER, "WHY WOULD SHE LIE TO ME ABOUT SOMETHING LIKE
THAT, PUTTING ME THROUGH ALL THAT UNNECESSARY STRESS.

She Never Answered My Question, Said She Had Sent My Release Papers To The Ben Reid Facility, Then Proceeded To Tell Me That It Was Now Up To The Staff At The Reid Facility As To When And If I Were To Ever Be Released From That Facility. ("This Was A Lie Too") She Then Told Me That She Would See Me When I Got Out And Hung The Phone Up In My Face.

(April 5, 00): I Tried To Contact The Director Of Pardons And Paroles In Austin, By Phone, But Was Referred To A Mrs. John-son. When I Called Her Office, Her Secretary Said She Was In A Meeting. I Then Tried To Explain To The Secretary What Mrs. Lemay, Ms. Bryant, Mrs. Moss, And Ms. McNeese Were Doing To Me.

I Told Her About The Over-Crowded Conditions At The Reid Facility, The Enormous Amount Of Drugs, Drug Use, Homosexual Activity, And The Blatant Disre-Guard Of Offender's Rights And Horrendous Abuse Of Authority By Both Staffs Of The Board Of Pardons And Parole Office On Hamilton Street And Off The Ben Reid, Facility.

She Asked For My Name And T.D.C. I.D. Number. And That She Would Check Into It And Get Back With Me.

This Is When I Decided To Leave The Ben Reid Facility, Turn Myself In, In Hopes Of Bringing My Plight To The Attention Of The Board Of Pardons

⑧

AND PAROLES DURING THE SUBSEQUENT PAROLE HEARING THAT WOULD TAKE PLACE AT THE HARRIS COUNTY ~~COURT HOUSE~~. JAIL.

   IF IT WERE NOT FOR THE ABUSE, BOTH MENTAL AND PHYSICAL, I WOULD NEVER HAVE TAKEN THE ACTIONS THAT I FEEL I HAD NO OTHER CHOICE TO TAKE.


   I, MICHEAL EDWARD DERRY, DO HEREBY SWARE THAT THE AFORE MENTIONED FACTS ARE TRUE AND CORRECT TO THE BEST OF MY KNOWLEDGE AND CAN BE SUBSTANTIATED AND OR VERIFIED IF THE OFFICERS OF THE BOARD OF PARDONS AND PAROLES INVESTIGATE MY ALLEGATIONS BY CONTACTING MS. MAGEE, SUPERVISOR OF THE T.R.C. OFFICE IN HOUSTON, MR. MIKE SMITH, DIRECTOR OF THE REHABILITATION CENTER, A HALFWAY HOUSE ON CRANE STREET IN HOUSTON TEXAS, AND MR. HECTOR ~~GONZALES~~ GARCIA, HUMAN RESOURCE OFFICER, AT PORTA-KAMP INC. IN HOUSTON TEXAS.

                                    MICHEAL EDWARD DERRY
                                    Micheal Edward Derry
                                    #630520
                                    4-16-00

## PRELIMINARY / REVOCATION HEARING WITNESS ADDRESS INFORMATION

RELEASEE'S NAME: _Derry, Michael Edward_

TDCJ/PIA #: _630520_                          HEARING DATE: _04-18-00_

| NAME | ADDRESS | ADVERSE/FRIENDLY WITNESS |
|---|---|---|
| _Chandra Bryant_ | _Houston VII DAO_ | (X) ( ) |
| Relationship: _Parole Officer_ | _Houston TX_ | |
| | ZC: _77084_ PH# _(713) 650-8429_ | |
| | | ( ) ( ) |
| Relationship: | | |
| | ZC: _____ PH# _____ | |
| | | ( ) ( ) |
| Relationship: | | |
| | ZC: _____ PH# _____ | |
| | | ( ) ( ) |
| Relationship: | | |
| | ZC: _____ PH# _____ | |
| | | ( ) ( ) |
| Relationship: | | |
| | ZC: _____ PH# _____ | |
| | | ( ) ( ) |
| Relationship: | | |
| | ZC: _____ PH# _____ | |
| | | ( ) ( ) |
| Relationship: | | |
| | ZC: _____ PH# _____ | |