IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

United States District Court
Southern District of Texas
FILED

NOV 20 2000

MICHAEL N. MILBY CLERK

| | |
|---|---|
| MICHAEL EDWARD DERRY, § | |
| Plaintiff, § | |
| § | |
| v. § | Civil Action No. *C-00-26* |
| § | |
| WAYNE SCOTT, ET AL., § | |
| Defendants. § | |

## DEFENDANTS' MOTION FOR SUMMARY JUDGMENT
## WITH BRIEF IN SUPPORT

TO THE HONORABLE JUDGE OF THE DISTRICT COURT:

COME NOW Defendants Ernest H. Gutierrez and Roy A. Garcia, by and through their attorney, the Attorney General of Texas, and file this their Motion for Summary Judgment with Brief in Support pursuant to FED. R. CIV. P. 56. In support thereof, Defendants respectfully offer the following:

### I.

### STATEMENT OF THE CASE

Plaintiff Michael E. Derry #630520 (Derry), is an inmate of the Texas Department of Criminal Justice-Institutional Division (TDCJ-ID) presently confined at the T.R.C. Unit Facility in Houston, Texas. Appearing *pro se* and *in forma pauperis*, Derry initiated this lawsuit pursuant to 42 U.S.C. § 1983, alleging the violation of his constitutional right to be free from cruel and unusual punishment. Specifically Plaintiff alleges that Defendants failed to protect him from an assault at the hands of another prisoner. By this suit, Derry seeks compensatory damages in an unspecified amount. POC, p. 4.

Defendants answered denying Plaintiff's allegations and asserting their entitlement to Eleventh Amendment immunity and qualified immunity.

## II.

## MOTION FOR SUMMARY JUDGMENT

Defendants now move for summary judgment pursuant to FED. R. CIV. P. 56(b). As there is a complete failure of proof on essential elements of Plaintiff's cause of action, there is no genuine issue of material fact for trial and Defendants are entitled to judgment as a matter of law. In support of their motion, see FED. R. CIV. P. 10(c), Defendants attach the following:

Exhibit A: TDCJ Internal Affairs Division Information File IF.SR.1171.99.NH.

Exhibit B: Portions of Medical Record for offender Michael E. Derry #630520, (for the period 10/21/98 - 10/29/99), with supporting business records affidavit.

Exhibit C: Portions of Classification File for offender Michael E. Derry #630520, with supporting business records affidavit.

## III.

## UNDISPUTED FACTS

Defendants may assume facts that Plaintiff has pled in his Original Complaint for purposes of this motion for summary judgment only. Such assumptions are not intended to be admissions for trial purposes. The following facts are not in dispute or are not reasonably susceptible to dispute:

1. Plaintiff was incarcerated at the Garza West Unit at all times relevant to this action.

2. Defendants Garcia and Gutierrez were employed by the Texas Department of Criminal Justice, Institutional Division at all times relevant to this cause of action.

3. On March 31, 1999, Derry and offender Randall Kain were involved on a physical altercation.

4. Derry sustained no injury as a result of this altercation.

## IV.

## ISSUES FOR CONSIDERATION

1. Whether Plaintiff can maintain a cause of action for failure to protect absent a showing that defendants had knowledge of a substantial risk of serious harm.

2. Whether Plaintiff can maintain a cause of action for failure to protect absent some showing of harm.

## V.

## BRIEF

### A. *The Standard for Summary Judgment*

The Supreme Court has described the role of the court or judge in summary judgment proceedings as a "threshold inquiry of determining whether there is the need for a trial—whether, in other words, there are any genuine factual issues that properly can be resolved only by a finder of fact because they may reasonably be resolved in favor of either party." *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 250 (1986). To guide courts in their determinations regarding summary judgments, FED. R. CIV. P. 56(c) provides that a summary judgment shall be rendered if "there is no genuine issue as to any material fact and . . . the moving party is entitled to a judgment as a matter of law." FED. R. CIV. P. 56(c).

"By its very terms, [the Rule 56(c)] standard provides that the mere existence of some alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no *genuine* issue of *material* fact." *Anderson,* 477 U.S. at 247-248 (emphasis in original). A dispute is genuine when the evidence is such that a reasonable jury could return a verdict for the non-moving party. *Anderson,* 477 U.S. at 248; *Speaks,* 838 F.2d at 1438-39. Genuine disputes over irrelevant or nonmaterial facts should not preclude a summary judgment. *Williams v. Adams,* 836 F.2d 958, 961 (5th Cir. 1988). A complete failure of proof concerning an essential element of the non-moving party's case necessarily renders all other facts immaterial; therefore, there can be no genuine issue of material fact. *Celotex Corp. v. Catrett,* 477 U.S. 317, 322-323 (1986).

## B.     *Failure to Protect*

In order to establish a claim for failure to protect, Derry must show that he is incarcerated under conditions posing a substantial risk of serious harm and that prison officials were deliberately indifferent to his need for protection. *Farmer v. Brennan*, 511 U.S. 825, 114 S. Ct. 1970, 1977 (1994). The Supreme Court held that deliberate indifference is not established unless ". . .the official knows of and disregards an excessive risk to the inmate's health or safety; the official must both be aware of facts from which the inference can be drawn that a substantial risk of serious harm exists, and he must also draw that inference. *Id*. at 1979.

In the instant case, Derry alleges that on March 31, 1999, offender Randall Kain attacked him because Derry refused to sell his medication to Kain. POC, Attachment to Statement of Claim. Derry alleges that from this attack he sustained a cut to his left eye and "badly bruised ribs." POC. Derry asserts prior to this attack he tried to be moved by writing letters to Defendants Garcia and Gutierrez. While Derry did write a letter and was involved in a fight, the two occurrences are unrelated.

Derry wrote a letter on February 4, 1999, expressing his concern over gang activity at the Garza West Unit and that he feared for his life because of what he described as the unit administration's lack of concern over the gang problem. Exhibit A, p. 6. In the letter, Plaintiff did not intimate fear for his safety because of a threat by Kain, or any particular offender, or set forth any facts indicating that he was in any danger from an assault by Kain. Exhibit A, p. 6.

As Derry readily admits, the fight between Derry and Kain stemmed from a verbal altercation over Derry's medication. The summary judgment evidence ratifies this version of events. Exhibit A, pp. 1, 7-8, 12. Further, the investigation of the incident indicates that the altercation was not gang related. Exhibit C. Essentially, the general danger or risk of harm that Derry complained of in his letter never materialized. Derry fails to set articulate facts showing how Defendants were

deliberately indifferent to his need for protection.

Finally, even if Derry could show that he had warned Defendants of a risk of harm from offender Kain, there is no evidence that Derry sustained any injury as a result of the altercation. The investigation of the incident indicates that while Kain sustained some injury, Derry did not. Exhibit A, p.1. Further, Derry's medical records do not support his assertion that he was injured. The record does not indicate that Derry complained of or was treated for any injury from the fight with Kain. Exhibit B. In the absence of any actionable injury, Derry fails to state a claim with respect to his allegations that Defendants failed to protect him, as he cannot satisfy the mandates of the Prison Litigation Reform Act (PLRA) 42 U.S.C. § 1997e(e). This section of the PLRA provides:

> Limitation on Recovery
>
> No federal civil action may be brought by a prisoner confined in jail, prison or other correctional facility, for mental or emotional injury suffered while in custody without a prior showing of physical injury.

In interpreting this statutory provision, the Fifth Circuit has recently held that an inmate cannot maintain an Eighth Amendment failure to protect cause of action absent a showing of physical injury. *Jones v. Greninger*, 188 F.3d 322, 326 (5th Cir. 1999). Therefore, insofar as Derry seeks damages for mental anguish absent a showing of physical injury, his claim for failure to protect is not cognizable under § 1983.

C. ***Defendants' Entitlement to Eleventh Amendment Immunity.***

To the extent that Derry sues Defendants in their official capacities, his claim is barred by the Eleventh Amendment. Suits against a state official in his official capacity are really suits directed against the state, rather than the individual official. *Hafer v. Melo*, 502 U.S. 21, 24, 112 S.Ct. 358, 361-62 (1991); *Kentucky v. Graham*, 473 U.S. 159, 165-66, 105 S.Ct. 3099, 3105 (1985). The Eleventh Amendment generally provides immunity to a state against suits in federal court, by

a citizen of the state, against the state or a state agency. *Pennhurst State School & Hospital v. Halderman*, 465 U.S. 89, 97-99, 104 S.Ct. 900, 906-07 (1984).

### D.    *Defendants' Entitlement to Qualified Immunity*

Public officials are entitled to the defense of qualified immunity in actions brought under 42 U.S.C. § 1983. *Harlow v. Fitzgerald*, 457 U.S. 800, 818, 102 S. Ct. 2727, 2738 (1983). "The doctrine of qualified immunity shields public officials like the respondents from damages actions unless their conduct was unreasonable in light of clearly established law." *Elder v. Holloway* 510 U.S. 510, 114 S. Ct. 1019 (1994). Once a defendant official asserts this defense, the burden shifts to the plaintiff to overcome it. *Whatley v. Philo*, 817 F.2d 19 (5th Cir. 1987). In order to overcome this defense, the defendant official's conduct must be shown to have violated "clearly established statutory or constitutional rights of which a reasonable person would have known." *Harlow*, 457 U.S. at 818, 102 S. Ct. at 2738; *Anderson v. Creighton*, 483 U.S. 635, 641, 107 S. Ct. 3034, 3042 (1987); *Bennett v. City of Grand Prairie*, 883 F.2d 400, 408 (5th Cir. 1989).

It is Plaintiff's burden to overcome Defendants' qualified immunity. *Salas v. Carpenter*, 980 F.2d 299 (5th Cir. 1992); *Elliott v. Perez*, 751 F.2d 1472, 1476-79 (5th Cir. 1985). Plaintiffs are held to heightened pleading standards and must allege with particularity all material facts establishing their right to recovery, including facts which negate the official's qualified immunity defense. *Jacquez v. Procunier*, 801 F.2d 789, 791 (5th Cir. 1986); *Elliott v. Perez*, 751 F.2d 1472, 1478-79, 1482 (5th Cir. 1985). The first hurdle a plaintiff must clear, however, is to state a claim of constitutional dimension. *Siegert v. Gilley,* 111 S. Ct. 1789, 1793 (1991). As set out above, Plaintiff has not cleared that hurdle.

Derry fails to meet his burden in this case, as he cannot set forth facts demonstrating that Defendants had knowledge of a substantial risk of serious harm to Derry, nor that they disregarded

such risk, nor that any harm actually befell Derry. Therefore, Defendants' entitlement to qualified immunity is preserved, and this lawsuit should be dismissed as a matter of law.

### E. Conclusion

Derry has made allegations which are patently false, or as a matter of law have no Eighth Amendment implications. Derry's claim for failure to protect must fail based on his pleadings and the competent summary judgment evidence. Furthermore, in the absence of the violation of a clearly established constitutional right, Derry cannot overcome Defendants' entitlement to qualified immunity. Finally this suit is jurisdictionally barred insofar as Derry sues Defendants in their official capacities. For the reasons set forth herein, there is no genuine issue of material fact for trial and Defendants are entitled to summary judgment.

## VI.

## PRAYER

**WHEREFORE, PREMISES CONSIDERED**, Defendants Gutierrez and Garcia pray that their Motion for Summary Judgment be in all things granted and that this case be dismissed with prejudice. To the extent that this Court determines that this suit is frivolous or malicious, Defendants respectfully request that this Court enter a final order establishing that Plaintiff's case is either frivolous or malicious. The order should be certified by the Court and forwarded to TDCJ-ID in accordance with § 498.045 of the Texas Government Code.

Respectfully submitted,

JOHN CORNYN
Attorney General of Texas

ANDY TAYLOR
First Assistant Attorney General

MICHAEL T. MCCAUL
Deputy Attorney General for Criminal Justice

PHILLIP E. MARRUS
Assistant Attorney General
Chief, Law Enforcement Defense Division

_____
CARLOS D. LOPEZ
Assistant Attorney General
State Bar No. 24007566
Attorney-In-Charge

P. O. Box 12548, Capitol Station
Austin, Texas   78711-2548
(512) 463-2080
Fax No. (512) 495-9139

**ATTORNEYS FOR DEFENDANTS
GARCIA AND GUTIERREZ**

## CERTIFICATE OF SERVICE

I, CARLOS D. LOPEZ, Assistant Attorney General of Texas, do hereby certify that a true and correct copy of **Defendants' Motion for Summary Judgment with Brief in Support** has been served by placing same in the United States mail, postage pre-paid, on this 17th day of November, 2000, addressed to:

| | |
|---|---|
| Michael E. Derry #630520<br>T.R.C. Unit Facility<br>10525 Eastex Fwy.<br>Houston, TX 77093 | *Via CM/RRR No. 7000 0600 0027 6914 9900* |

_____
CARLOS D. LOPEZ
Assistant Attorney General

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| *MICHAEL EDWARD DERRY,* | § | |
| **Plaintiff,** | § | |
| | § | |
| *v.* | § | Civil Action No. *C-00-26* |
| | § | |
| *WAYNE SCOTT, ET AL.,* | § | |
| **Defendants.** | § | |

## ORDER

Be it remembered that on this day came on to be heard the **Defendants' Motion for Summary Judgment**. The Court, after considering the pleadings of the parties filed herein, is of the opinion that the following order should issue:

It is hereby ORDERED that any and all relief sought by the Plaintiff, Michael E. Derry, against Defendants Ernest H. Gutierrez and Roy A. Garcia, in the above-numbered and styled cause of action is hereby DENIED and judgment is rendered in favor of the Defendants.

It is further ORDERED that the above-styled and numbered cause of action be DISMISSED WITH PREJUDICE. The Court further finds this lawsuit to be FRIVOLOUS under 28 U.S.C. §1915(e)(2)(i). This is a final judgment that disposes of all issues and parties in this case. All relief specifically not granted is DENIED.

SIGNED on this the ____ day of _____, 2000.

_____
**UNITED STATES DISTRICT JUDGE**

# EXHIBITS NOT IMAGED

ClibPDF - www.fastio.com