United States District Court
Southern District of Texas
FILED

DEC 20 2000

Michael N. Milby, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| *MICHAEL EDWARD DERRY,* | § | |
| **Plaintiff,** | § | |
| | § | |
| v. | § | Civil Action No. *C-00-26* |
| | § | |
| *WAYNE SCOTT, ET AL.,* | § | |
| **Defendants.** | § | |

### DEFENDANTS' ADVISORY AND MOTION TO VACATE

TO THE HONORABLE JUDGE OF THE DISTRICT COURT:

COME NOW Defendants Ernest H. Gutierrez and Roy A. Garcia, by and through their attorney, the Attorney General of Texas, and file this their Advisory and Motion to Vacate. In support thereof, Defendants respectfully offer the following:

### I.

### STATEMENT OF THE CASE

Plaintiff Michael E. Derry #630520 (Derry), is an inmate of the Texas Department of Criminal Justice-Institutional Division (TDCJ-ID) presently confined at the T.R.C. Unit Facility in Houston, Texas. Appearing *pro se* and *in forma pauperis*, Derry initiated this lawsuit pursuant to 42 U.S.C. § 1983, alleging the violation of his constitutional right to be free from cruel and unusual punishment. Specifically Plaintiff alleges that Defendants failed to protect him from an assault at the hands of another prisoner. By this suit, Derry seeks compensatory damages in an unspecified amount. POC, p. 4.

Defendants answered denying Plaintiff's allegations and asserting their entitlement to Eleventh Amendment immunity and qualified immunity. Defendants filed their Motion for Summary Judgment on November 20, 2000.[1] To date, Plaintiff has not filed a response.

## II.

## ADVISORY

On October 17, 2000, the Court entered its Order Setting Deadlines. The Court ordered that a joint pretrial order be filed on or before December 18, 2000, charging Defendants with the responsibility for such filing.

Throughout the month of December counsel has been diligently preparing for jury trials in: *Magoon v. Savage*, et al., in the 58th District Court, Jefferson County set for January 8, 2001; *Hill v. West, et al.*, USDC-ED No. 1:97-CV-182 set for January 16, 2001, and; *Ramirez v. Purvis*, USDC-ED No. 9:99-CV-183 set for January 18, 2001. In addition to these trial settings, counsel has been handling numerous duties, tasks, and filing deadlines occasioned by counsel's caseload. Counsel's failure to comply with the Court's order to prepare a pretrial order was merely an inadvertent oversight and in no way the result of willfulness or conscious indifference. Further, counsel apologizes to the court for any hardship or inconvenience caused by said failure.

## III.

## MOTION TO VACATE

As set forth in Defendants' Motion for Summary Judgment, this case appears to be ripe for dismissal. In light of Defendants' averment that there is no genuine issue for trial in this case, and the fact that the Court has not yet set a date for trial of the case at bar, Defendants would respectfully

---

[1] The Court's Order extended the dispositive motion deadline to, "Monday, November 19, 2000." However, November 19, 2000, fell on a Sunday. Presumably this was inadvertent and the Court's Order was intended to read, "November 20, 2000." If this was not the case, then by operation of Rule 6(a) the deadline would still be November 20, 2000. FED. R. CIV. P. 6.

request that the Court vacate the order to file a joint pretrial order until such time as the Court has considered Defendants' Motion for Summary Judgment. Should summary judgment be denied, Defendants will file a joint pretrial order within thirty (30) days of receipt of the order denying Defendants' Motion for Summary Judgment. In the alternative, and due to the trial settings stated above, Defendants would request an additional sixty (60) days, until February 16, 2001, to file a joint pretrial order.

This motion is not made in bad faith or to delay the proceedings, nor is it the result of conscious indifference, but is necessary as an effective means to advance efficient judicial administration of this lawsuit.

**WHEREFORE, PREMISES CONSIDERED**, Defendants Gutierrez and Garcia respectfully request that the Court vacate the order setting a deadline for filing a joint pretrial order.

Respectfully submitted,

JOHN CORNYN
Attorney General of Texas

ANDY TAYLOR
First Assistant Attorney General

MICHAEL T. MCCAUL
Deputy Attorney General for
Criminal Justice

PHILLIP E. MARRUS
Assistant Attorney General
Chief, Law Enforcement Defense Division

_____
CARLOS D. LOPEZ
Assistant Attorney General
State Bar No. 24007566
Southern District Bar No. *Pro Hac Vice*

P.O. Box 12548, Capitol Station
Austin, Texas 78711
(512) 463-2080
Fax No. (512) 495-9139

ATTORNEYS FOR DEFENDANTS
GUTIERREZ AND GARCIA

## CERTIFICATE OF SERVICE

I, CARLOS D. LOPEZ, Assistant Attorney General of Texas, do hereby certify that a true and correct copy of the forgoing **Defendants' Advisory and Motion to Vacate** has been served by placing same in the United States Mail, postage prepaid, on this the 18th day of December, 2000, addressed to:

Michael E. Derry #630520
T.R.C. Unit Facility
10525 Eastex Fwy.
Houston, TX 77093

*Via CM/RRR No. 7000 0520 0018 0108 1180*

_____
CARLOS D. LOPEZ
Assistant Attorney General

ClibPDF - www.fastio.com

# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF TEXAS
# CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| *MICHAEL EDWARD DERRY,* § | | |
| **Plaintiff,** § | | |
| § | | |
| *v.* § | Civil Action No. *C-00-26* | |
| § | | |
| *WAYNE SCOTT, ET AL.,* § | | |
| **Defendants.** § | | |

## O R D E R

On this day came on to be considered Defendants' Motion to Vacate. After considering said motion and the pleadings of the parties filed herein, the Court is of the opinion that the following order should issue:

It is hereby ORDERED that Defendants' Motion to Vacate be GRANTED and that Defendants are relieved from the responsibility for filing a joint pretrial order in this cause of action, until such time as the Court has ruled on Defendants' Motion for Summary Judgment.

Should summary judgment be denied, Defendants are ORDERED to file a joint pretrial order, in compliance with Appendix B of the local rules of this Court, within thirty (30) days of the order denying same.

**SIGNED** on this the ____ day of _____, 2000.

_____
**JUDGE PRESIDING**