IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

United States District Court
Southern District of Texas
ENTERED
MAY 2 4 2001
Michael N. Milby, Clerk of Court

| | |
|---|---|
| MICHAEL EDWARD DERRY § | |
| § | |
| V. § | C.A. NO. C-00-26 |
| § | |
| WAYNE SCOTT, ET AL. § | |

## MEMORANDUM AND RECOMMENDATION

Proceeding *pro se* and *in forma pauperis*, plaintiff brought suit under 42 U.S.C. § 1983, alleging that while housed at the Garza West Unit of the Texas Department of Criminal Justice - Institutional Division ("TDCJ-ID"), defendants Gutierrez and Garcia failed to protect him from harm caused by a gang-affiliated inmate at the Garza West Unit. Plaintiff seeks compensatory damages in an unspecified amount (D.E. 1, p. 4).

Defendants have filed a motion for summary judgment (D.E. 38). To date plaintiff has not filed a response. For the reasons discussed herein, it is recommended that defendants' motion for summary judgment (D.E. 38) be denied.

### I. BACKGROUND

In his sworn complaint plaintiff states that he "tried repeatedly, by letter to Wardens Gutierrez and Garcia," to inform them that offender Kain, a member of the Aryan Brotherhood, had threatened him (D.E. 1). According to plaintiff, offender Randall Kain attacked him on March 31, 1999, because plaintiff refused to sell his medication to him. Plaintiff alleges that from this attack he suffered a cut to his left eye and his ribs were badly bruised (D.E. 1, attachment). Both inmates had disciplinary action taken against them. Two days after the attack, plaintiff was transferred to the Dominguez State Jail in San Antonio, Texas.

## II. APPLICABLE LAW

### A. Summary Judgment Standard

Rule 56(c) provides that "[summary] judgment shall be re4ndered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue of material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). The party seeking summary judgment bears the initial burden of informing the court of the basis for its motion and identifying those portions of the pleadings, depositions, answers to interrogatories, admissions on file, and affidavits, if any, which it believes demonstrate the absence of a genuine issue of material fact. Celotex Corp. v. Catrett, 477 U.S. 317, 323, 106 S.Ct. 2548, 2553 (1986); Williams v. Adams, 836 F.2d 958, 960 (5th Cir. 1988). The controverted evidence must be viewed in the light most favorable to the non-movant and all reasonable doubts must be resolved against the moving party. Lujan v. National Wildlife Fed'n, 497 U.S. 871, 888, 110 S.Ct. 3177, 3188 (1990). Summary judgment is mandated if the non-movant fails to make a showing sufficient to establish the existence of an element essential to his case on which he bears the burden of proof at trial. Celotex Corp., 477 U.S. at 322, 106 S.Ct. at 2552. "In such situation, there can be 'no genuine issue as to any material fact,' since a complete failure of proof concerning an essential element of the non-moving party's case necessarily renders all other facts immaterial." Id. at 322-23, 106 S.Ct. at 2552.

### B. Failure to Protect Claim

Plaintiff alleges that defendants failed to protect him from harm caused by a gang-affiliated inmate at the Garza Unit. Under the Eighth Amendment, the legal standard to determine if prison

2

officials are liable under § 1983 is one of deliberate indifference. Farmer v. Brennan, 511 U.S. 825, 114 S.Ct. 1970 (1994). A prison official may be held liable under the Eighth Amendment for acting with deliberate indifference towards an inmate's health or safety only if he knows the inmate faces a substantial risk of serious harm and disregards that risk by failing to take reasonable measures to abate it. Id. The failure of a prison official to protect and ensure the safety of an inmate is not actionable under section 1983 unless the inmate demonstrates that the official (1) had subjective knowledge of a substantial risk of serious harm to the inmate and (2) acted or failed to act with deliberate indifference to the inmate's needs. Hare v. City of Corinth, Mississippi, 74 F.3d 633, 647-48, 650 (5th Cir. 1996). A prison official may not "escape liability for deliberate indifference by showing that, while he was aware of an obvious, substantial risk to inmate safety, he did not know that the complainant was especially likely to be assaulted by a specific prisoner who eventually committed the assault." Farmer, 511 U.S. at 842, 114 S.Ct. at 1981. However, prison officials who actually knew of the risk of harm may avoid liability by showing that they responded reasonably to the risk, even if the harm ultimately was not averted. Id.

In his sworn complaint plaintiff alleges that he "tried repeatedly, by letter to Wardens Gutierrez and Garcia," to inform them that Kain, a member of the Aryan Brotherhood gang, had threatened him (D.E. 1). On the other hand, defendants admit to receipt of one letter in February 1999 wherein plaintiff complains "I feel that my life is being threatened and placed in danger needlessly the gang problem on this farm is being totally ignored . . ." (D.E. 38, Exh. A). Factual issues preclude the entry of summary judgment on the issue of whether defendants Gutierrez and Garcia were "repeatedly" advised of the danger Kain posed to plaintiff. More importantly, Wardens Gutierrez and Garcia admit to receiving the letter from plaintiff in which

plaintiff stated his life was being threatened and he was in danger. Wardens Gutierrez and Garcia presented no summary judgment evidence of their response to plaintiff's letter, if any. Factual issues preclude the entry of summary judgment on the question whether the wardens' action or inaction was reasonable. These same fact issues preclude entry of summary judgment as to the officials right to qualified immunity.[1]

## I. RECOMMENDATION

For the foregoing reasons, it is recommended that defendants Gutierrez and Garcia 's motion for summary judgment (D.E. 38) be DENIED.

Respectfully submitted this 23 day of May, 2001.

B. JANICE ELLINGTON
UNITED STATES MAGISTRATE JUDGE

---

[1] An official whose conduct violates a clearly established constitutional right is still entitled to qualified immunity if the conduct was objectively reasonable. Nerren v. Livingston Police Dept., 86 F.3d 469, 473 (5th Cir. 1996).

## NOTICE TO PARTIES

The Clerk will file this Memorandum and Recommendation and transmit a copy to each party or counsel. Within **TEN (10) DAYS** after being served with a copy of the Memorandum and Recommendation, a party may file with the Clerk and serve on the United States Magistrate Judge and all parties, written objections, pursuant to Fed. R. Civ. P. 72(b), 28 U.S.C. § 636(b)(1)(C) and Article IV, General Order No. 80-5, United States District Court for the Southern District of Texas.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within TEN (10) DAYS after being served with a copy shall bar that party, except upon grounds of *plain error,* from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court. Douglass v. United Services Auto Ass'n, 79 F.3d 1415 (1996) (en banc).

## RECEIPT

Re: **CA-C-00-26, Michael Edward Derry v. Wayne Scott, et al.**

On this date, _____, 19____.

I received __**Memorandum and Recommendation [46-1]**__

from the U. S. District Clerk for the Southern District of Texas.

_____
*Signature of Recipient*
**Michael Edward Derry**