United States District Court
Southern District of Texas
ENTERED

SEP 21 2001

Michael N. Milby, Clerk of Court

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| MICHAEL EDWARD DERRY | § | |
| | § | |
| V. | § | C.A. NO. C-00-26 |
| | § | |
| WAYNE SCOTT, ET AL. | § | |

## MEMORANDUM AND RECOMMENDATION

Proceeding *pro se* and *in forma pauperis*, plaintiff brought suit under 42 U.S.C. § 1983, alleging that while housed at the Garza West Unit of the Texas Department of Criminal Justice - Institutional Division ("TDCJ-ID") in Beeville, Texas, defendants Gutierrez and Garcia failed to protect him from harm caused by a gang-affiliated inmate (D.E. 1). Plaintiff seeks compensatory damages in an unspecified amount (D.E. 1, p. 4). After summary judgment was denied, an order was entered assigning to the defendants responsibility for filing the parties' joint pretrial order on or before September 14, 2001 (D.E. 50). The joint pretrial order was not timely filed, and on September 17, 2001, defendants requested and received an extension of time, until October 15, 2001, to do so (D.E. 51, 54). Pending is plaintiff's motion for entry of default for failure to timely comply (D.E. 52).

## APPLICABLE LAW

A federal court possesses inherent authority to impose sanctions for litigant abuse and violation of orders. *Butera v. District of Columbia*, 235 F.3d 637, 661 (D.C. Cir. 2001); *John's Insulation, Inc. v. L. Addison and Associates, Inc.*, 156 F.3d 101, 108 (1st Cir. 1998). This authority includes the entry of default. *Id.* But default is an extreme sanction, appropriate when

the failure to comply results from willfulness or bad faith, and where the deterrent value of a sanction cannot be substantially achieved by the use of a less drastic action. *Smith v. Smith*, 145 F.3d 335, 344 (5th Cir. 1998) (citations omitted); *McLeod, Alexander, Powel & Appfel, P.C. v. Quarles*, 894 F.2d 1482, 1485-86 (5th Cir. 1990).

Here, defendants requested an extension of time because of counsel's inability, due to his case load, to timely prepare the pretrial order and send it to plaintiff for contributions. The granting of the request in no way signaled approval of counsel's failure to adhere to the original deadline, and further extensions will not be granted. But there is no indication that defendants or their counsel acted with willfulness or in bad faith. Plaintiff has not alleged or demonstrated he suffered prejudice from the one-month delay. Sanctions are not appropriate. But if defendants fail to comply with the October 15 deadline, the entire range of sanctions, including the entry of default, will be considered. Further extensions will not be granted.

## RECOMMENDATION

It is respectfully recommended that plaintiff's motion for entry of default (D.E. 52) be denied.

Respectfully submitted this ____ day of _Sept_____, 2001.

B. JANICE ELLINGTON
UNITED STATES MAGISTRATE JUDGE

## **NOTICE TO PARTIES**

The Clerk will file this Memorandum and Recommendation and transmit a copy to each party or counsel. Within **TEN (10) DAYS** after being served with a copy of the Memorandum and Recommendation, a party may file with the Clerk and serve on the United States Magistrate Judge and all parties, written objections, pursuant to Fed. R. Civ. P. 72(b), 28 U.S.C. § 636(b)(1)(C) and Article IV, General Order No. 80-5, United States District Court for the Southern District of Texas.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within TEN (10) DAYS after being served with a copy shall bar that party, except upon grounds of *plain error,* from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court. Douglass v. United Services Auto Ass'n, 79 F.3d 1415 (1996) (en banc).