**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**CORPUS CHRISTI DIVISION**

United States District Court
Southern District of Texas
FILED

OCT 15 2001

Michael N. Milby, Clerk of Court

| | | |
|---|---|---|
| *MICHAEL EDWARD DERRY,* | § | |
| Plaintiff, | § | |
| | § | |
| *v.* | § | **Civil Action No. C-00-26** |
| | § | |
| *WAYNE SCOTT, et al.,* | § | |
| Defendants. | § | |

**DEFENDANTS' PROPOSED FINAL PRETRIAL ORDER**

TO THE HONORABLE JUDGE OF THE DISTRICT COURT:

COME NOW Defendants Ernest H. Gutierrez and Roy A. Garcia, by and through their attorney, the Office of the Attorney General for the State of Texas, and submit this Defendants' Proposed Final Pretrial Order. Defendants respectfully offer the following:

**I.     APPEARANCE OF COUNSEL**

A. For Plaintiff Michael E. Derry:
Plaintiff *pro se*, Michael E. Derry
2302 Marathon  Apt. #5
Houston, Texas 77018

B. For Defendants Garcia and Gutierrez:
Carlos D. Lopez, Esq.
Office of the Attorney General
Law Enforcement Defense Division
P.O. Box 12548, Capitol Station
Austin, Texas 78711
(512) 463-2080

**II     STATEMENT OF THE CASE**

Plaintiff Michael Edward Derry is a former inmate of the Texas Department of Criminal Justice-Institutional Division. Defendants are wardens at state correctional facilities operated by the Texas Department of Criminal Justice. In this lawsuit, Mr. Derry alleges that while incarcerated at the Garza West Unit in Beeville, Texas he was assaulted by another offender on March 31, 1999. Mr. Derry has sued Ernest H. Gutierrez and Roy A. Garcia, who were the senior and assistant

58.

CutePDF - www.cutepdf.com

wardens respectively at the Garza West Unit at the time of the alleged incident, claiming that they

failed to protect him from the assault in violation of his right under the Eighth Amendment to the

United States Constitution to be free from cruel and unusual punishment.

## III.    JURISDICTION

The Court has jurisdiction over this matter as it raises a federal constitutional claim.

## IV.    PENDING MOTIONS

None at this time.

## V.    PLAINTIFF'S CONTENTIONS

## VI.    DEFENDANTS' CONTENTIONS

In general, Defendants contend that they were not deliberately indifferent to a substantial risk

of serious harm to the Plaintiff.  Defendants contend that Plaintiff was party to a physical altercation

with another offender named Randall Kain.  Defendants contend that Plaintiff suffered no injury

during this altercation.  Defendants further contend that they had no knowledge that Plaintiff was

in danger beyond that normally faced by an incarcerated felon, nor that he was in need of special

protection, or especially likely to be assaulted.

Defendants acted objectively reasonably at all times in light of the clearly established law

and are entitled to qualified immunity.

## VII.    UNDISPUTED FACTS AND ISSUES

A.  Plaintiff was an inmate confined to the Texas Department of Criminal Justice-

Institutional Division's Garza West Unit, located in Beeville, Texas, at all times relevant to this suit.

B. Defendants were employed by the Texas Department of Criminal Justice at all times relevant to this suit.

C. Defendants were acting under the color of state law at all times relevant to this suit.

D. On March 31, 1999, offenders Michael Derry (Plaintiff) and Randall Kain were involved in a fight.

## VIII. CONTESTED ISSUES OF FACT

A. Whether Defendants were deliberately indifferent to a substantial risk of serious harm.

B. The nature and extent of the injuries allegedly suffered by Plaintiff.

C. Whether the Defendants acted objectively reasonably.

D. Whether Defendants reasonably believed their conduct was authorized in light of clearly established law.

## IX. CONTESTED ISSUES OF LAW

A. Whether the acts or omissions of Defendants were sufficiently harmful to evidence a culpable state of mind.

B. Whether Defendants are entitled to qualified immunity.

## X. EXHIBITS

Defendants' Exhibit List (Attachment D-1)

## XI. WITNESSES

Defendants' Witness List (Attachment D-2)

## XII. PROPOSED JURY INSTRUCTIONS

Defendants' Proposed Jury Instructions (Attachment D-3)

## XIII. PROBABLE LENGTH OF TRIAL

CVISPDF - www.fesiso.com

The trial of this matter is expected to last two (2) days.

## XIV.   MOTIONS IN LIMINE

To be filed by the parties, if necessary.

## XV.   UNUSUAL MATTERS

There are no unusual matters pending.

## XVI.   QUESTIONS FOR VOIR DIRE

Defendants' Questions for Voir Dire (Attachment D-4)

## XVII.   DISQUALIFICATION OF JURORS

The parties have not entered into an agreement regarding the disqualification of jurors.

## XVIII.   RELATED PENDING MATTERS

There are no known related matters pending in another court.

## XIX.   COURT APPOINTED GUARDIANS

The appointment of guardians in the matter is not necessary.

## XX.   CONFLICTS OF LAW

There are no conflict-of-law questions.

## XXI.   SETTLEMENT

In light of Defendants' averment that this case is frivolous, there have been no settlement

negotiations to date.

*Approved as to substance and form:*

CARLOS D. LOPEZ
Assistant Attorney General
Counsel for Defendants

SIGNED and ENTERED on this _____ day of _____, 2001.

_____
HAYDEN HEAD
United States District Judge

5

# CERTIFICATE OF SERVICE

I, CARLOS D. LOPEZ, Assistant Attorney General, do hereby certify that a true and correct

copy of the above and foregoing **Defendants' Proposed Final Pretrial Order (with Attachments)**

was served by the United States mail on the 10th day of October, 2001, addressed to:

Michael Edward Derry          **Via CM/RRR # 7001 0320 0001 1856 4127**
Plaintiff, *Pro Se*
2302 Marathon   Apt. #5
Houston, Texas 77018


CARLOS D. LOPEZ
Assistant Attorney General

6

# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF TEXAS
### CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| *MICHAEL EDWARD DERRY,* | § | |
| Plaintiff, | § | |
| | § | |
| *v.* | § | Civil Action No. C-00-26 |
| | § | |
| *WAYNE SCOTT, et al.,* | § | |
| Defendants. | § | |

## DEFENDANTS' PROPOSED FINAL PRETRIAL ORDER

# ATTACHMENT   D-1

# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF TEXAS
## CORPUS CHRISTI DIVISION

| | |
|---|---|
| *MICHAEL EDWARD DERRY,*<br>Plaintiff, | § § § |
| *v.* | § § |
| *WAYNE SCOTT, et al.,*<br>Defendants. | § § § |

§ Civil Action No. C-00-26

## DEFENDANTS' EXHIBIT LIST

| Ex. No. | DESCRIPTION | Marked | Offered | Objected | Admit | Date | Disposition, After Trial |
|---|---|---|---|---|---|---|---|
| 1 | TDCJ Internal Affairs Division Information File IF.SR.1171.99.NH (redacted). | | | | | | |
| 2 | Portions of TDCJ-ID Medical Records of Plaintiff Michael E. Derry #630520 | | | | | | |
| 3 | Portions of Grievance Records for Plaintiff Michael E. Derry #630520 | | | | | | |
| 4 | Portions of Classification File for Plaintiff Michael E. Derry #630520 | | | | | | |
| 5 | Portions of TDCJ Disciplinary Records for Plaintiff Michael E. Derry #630520 | | | | | | |
| 6 | | | | | | | |
| 7 | | | | | | | |
| | | | | | | | |

# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF TEXAS
### CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| *MICHAEL EDWARD DERRY,* | § | |
| Plaintiff, | § | |
| | § | |
| *v.* | § | **Civil Action No. C-00-26** |
| | § | |
| *WAYNE SCOTT, et al.,* | § | |
| Defendants. | § | |

## DEFENDANTS' PROPOSED FINAL PRETRIAL ORDER

# ATTACHMENT   D-2

**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION**

United States District Court
Southern District of Texas
FILED

OCT 1 5 2001

Michael N. Milby, Clerk of Court

| | | |
|---|---|---|
| *MICHAEL EDWARD DERRY,* | § | |
| Plaintiff, | § | |
| | § | |
| *v.* | § | Civil Action No. C-00-26 |
| | § | |
| *WAYNE SCOTT, et al.,* | § | |
| Defendants. | § | |

## DEFENDANTS' WITNESS LIST

TO THE HONORABLE JUDGE OF SAID COURT:

COME NOW Defendants Ernest H. Gutierrez and Roy A. Garcia, by and through their attorney, the Attorney General of Texas, and file this Witness List, submitted with the parties Joint Final Pretrial Order.

### I.

### FACT WITNESSES

1.  **Defendant Warden Ernest H. Gutierrez,
    c/o Carlos D. Lopez
    Office of the Attorney General
    Law Enforcement Defense Division
    P.O. Box 12548, Capitol Station
    Austin, TX 78711-2548
    (512) 463-2080**

Warden Gutierrez is expected to testify as to his knowledge of the incident made the basis of this lawsuit. Warden Gutierrez is expected to testify that he was employed as the Assistant Warden of the Texas Department of Criminal Justice (TDCJ) Garza West Unit at all times relevant to this lawsuit. Warden Gutierrez may testify that he had no knowledge of any fact from which it could be plausibly inferred that there was a substantial risk of serious risk of serious harm to Plaintiff. Warden Gutierrez may testify that Plaintiff did not request protection from a threat posed by offender Randall Kain, or otherwise take any action which would alert unit authorities that his health or safety was threatened by Kain. Warden Gutierrez may testify that Plaintiff was involved in a fight with another offender that could not reasonably be foreseen nor prevented. Warden

Gutierrez may testify that he took no action nor action which resulted in any harm to the Plaintiff.

Warden Gutierrez may testify that at all times relevant to this lawsuit his actions were taken in good faith and reasonable in light of the clearly established law. Warden Gutierrez may further testify as to TDCJ and Garza West Unit policies and procedures as they relate to the subject matter of Plaintiff's claims against him.

2. **Defendant Roy A. Garcia,**
   **c/o Carlos D. Lopez**
   **Office of the Attorney General**
   **Law Enforcement Defense Division**
   **P.O. Box 12548, Capitol Station**
   **Austin, TX   78711-2548**
   **(512) 463-2080**

Warden Garcia is expected to testify as to his knowledge of the incident made the basis of this lawsuit. Warden Garcia is expected to testify that he was employed as the Senior Warden of the Texas Department of Criminal Justice (TDCJ) Garza West Unit at all times relevant to this lawsuit. Warden Garcia may testify that he had no knowledge of any fact from which it could be plausibly inferred that there was a substantial risk of serious risk of serious harm to Plaintiff. Warden Garcia may testify that Plaintiff did not request protection from a threat posed by offender Randall Kain, or otherwise take any action which would alert unit authorities that his health or safety was threatened by Kain. Warden Garcia may testify that Plaintiff was involved in a fight with another offender that could not reasonably be foreseen nor prevented. Warden Garcia may testify that he took no action nor action which resulted in any harm to the Plaintiff.

Warden Garcia may testify that at all times relevant to this lawsuit his actions were taken in good faith and reasonable in light of the clearly established law. Warden Garcia may further testify as to TDCJ and Garza West Unit policies and procedures as they relate to the subject matter of Plaintiff's claims against him.

3. **Officer Maria A. Gutierrez**
   **TDCJ-ID Garza West Unit**
   **HCO2 Box 995**
   **Beeville, Texas 78102**

Officer Gutierrez is expected to testify as to her knowledge of the incident made the basis of this lawsuit. Officer Gutierrez is expected to testify that she was employed as a correctional officer at all times relevant to this lawsuit. Officer Gutierrez is expected to testify that on March 31, 1999, at the Garza West Unit she observed offenders Michael Edward Derry and Randall Kain engage in a fight without weapons. Officer Gutierrez may further testify as to her actions and observations as they relate to the incident made the basis of this lawsuit.

4. **Officer Jaime Trevino**
   **TDCJ-ID Garza West Unit**
   **HCO2 Box 995**
   **Beeville, Texas 78102**

Officer Trevino is expected to testify as to his knowledge of the incident made the basis of this lawsuit. Officer Trevino is expected to testify that he was employed as a correctional officer at all times relevant to this lawsuit. Officer Trevino is expected to testify that on March 31, 1999, at the Garza West Unit he observed offenders Michael Edward Derry and Randall Kain engage in a fight without weapons. Officer Trevino may further testify as to his actions and observations as they relate to the incident made the basis of this lawsuit.

5. **Physicians Assistant Steve Palacios**
   **TDCJ-ID Garza West Unit**
   **HCO2 Box 985**
   **Beeville, Texas 78102**

Mr. Palacios is expected to testify as to his knowledge of the incident made the basis of this lawsuit. Mr. Palacios is expected to testify that he was employed as a physicians assistant responsible for the provision of health care to offenders at the Garza West Unit at all times relevant to this lawsuit. Mr. Palacios is expected to testify as to the extent of injury, if any, suffered by the Plaintiff as a result of the incident made the basis of this lawsuit. Mr. Palacios may further testify as to his actions and observations as they relate to the incident made the basis of this lawsuit. Mr. Palacios may further testify as to UTMB and Garza West Unit policies and procedures as they relate to the subject matter of Plaintiff's claim.

*Defendants reserve the right to supplement or amend this list at any reasonable time before trial.*

3

# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF TEXAS
## CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| *MICHAEL EDWARD DERRY,* | § | |
| Plaintiff, | § | |
| | § | |
| *v.* | § | **Civil Action No. C-00-26** |
| | § | |
| *WAYNE SCOTT, et al.,* | § | |
| Defendants. | § | |

## DEFENDANTS' PROPOSED FINAL PRETRIAL ORDER

# ATTACHMENT   D-3

# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF TEXAS
### CORPUS CHRISTI DIVISION

*MICHAEL EDWARD DERRY,*
    Plaintiff,

*v.*

*WAYNE SCOTT, et al.,*
    Defendants.

§
§
§
§
§
§
§

United States District Court
Southern District of Texas
FILED

OCT 1 5 2001

Michael N. Milby, Clerk of Court
Civil Action No. C-00-26

## DEFENDANTS' PROPOSED JURY INSTRUCTIONS

MEMBERS OF THE JURY:

Now that you have heard the evidence, it becomes my duty to give you the instructions of the court as to the law applicable to this case. It is your duty as jurors to follow the law as stated in these instructions, and to apply these rules of law to the facts as you find them from the evidence in the case. You are not to single out one instruction alone as stating the law, but you must consider the instructions as a whole. Further, you are not to be concerned with the wisdom of any rules of law, as stated in these instructions. Regardless of any opinion you may have as to what the law ought to be, it would be a violation of your sworn duty to base a verdict upon any view of the law other than that given to you in these instructions. It would also be a violation of your sworn duty, as judges of the facts, to base your verdict upon anything other than the evidence presented in this case.

Nothing I say in these instructions is to be taken as an indication that I have any opinion about the facts of the case.

It is not my function to determine the facts; that function is yours.

1

## GENERAL INSTRUCTIONS

You are the sole judge of the credibility of the witnesses and the weight to be given their testimony, but in matters of law you must be governed by the instructions in this charge.

Do not let bias, prejudice, or sympathy play any part in your deliberations.

Do not consider any statement which I have made, either in the course of trial or in these instructions, as an indication that I have any opinion about the facts of the case.

Do not decide who you think should win and then try to answer the questions accordingly. You will not decide any issue by lot, by drawing straw, or by the use of any other method of chance. Do not reach your result by adding together each juror's figures and dividing by the number of jurors to get an average. Further, do not do any trading on your answers as your answers and verdict must be unanimous.

All special issues, or questions, are to be answered by you from a preponderance of the evidence. By this is meant the greater weight and degree of credible evidence before you. Plaintiff has the burden, or legal obligation, to prove each element of his case by a preponderance of the evidence.

In determining whether any facts in issue have been proven by a preponderance of the evidence in the case, you may, unless otherwise instructed, consider the testimony of all witnesses, regardless of who may have called them, and all exhibits received in evidence, regardless of who may have produced them.

The statement and arguments of counsel are not evidence.

If during the court of your deliberations, you wish to communicate with the Court, you should do so only in writing by a written note handed to the bailiff and signed by the Foreperson.

When you are returned to the jury room to deliberate upon your verdict, you may take

2

this charge with you as well as exhibits which the Court has admitted into evidence.  You will select your Foreperson, and after you have reached your unanimous verdict, you will return this charge together with your written answers to the special issues.  Do not reveal your answers until such time as you are discharged, unless otherwise directed by me.

Your Foreperson will sign in the space provided after you have reached your verdict.

3

## Specific Instructions

In this case the Plaintiff claims damages alleged to have been sustained by him as the result of a deprivation, under color of state law, of rights secured to the Plaintiff both by the Constitution of the United States and by Act of Congress providing for equal rights of all persons within the jurisdiction of the United States.

Specifically, the Plaintiff alleges that, while the Defendants were acting under color of authority of the State of Texas as a correctional officials of the Texas Department of Criminal Justice, Institutional Division (formerly the Texas Department of Corrections) they subjected the Plaintiff to the deprivation of rights and privileges secured and protected to him by the Constitution and laws of the United States. Namely, the Plaintiff alleges he was subjected to injury at the hands of another offender due to the alleged deliberate indifference to a substantial risk of serious harm to his safety shown by Defendants.

You are instructed that Section 1983 of Title 42 of the United States Code provides that any citizen may seek redress in this Court by way of damages against any person who, under color of any State law or custom, subjects such citizen to the deprivation of any rights, privileges, or immunity secured or protected by the Constitution or laws of the United States.

The Plaintiff's right to prosecute this suit raising his allegations against the Defendants is secured by 42 U.S.C. § 1983, one of the Civil Rights Acts enacted by Congress to enforce the Fourteenth Amendment, which reads in pertinent part:

> Every person who, under color of any statute, ordinance,
> regulation, custom, or usage, or any State . . . subjects, or causes to
> be subjected, any citizen of the United States or other person
> within the jurisdiction thereof to the deprivation of any rights,
> privileges, or immunities
> secured by the Constitution and laws shall be liable to the party
> injured in an action in law, suit in equity, or other proper
> proceedings for redress.

4

CutePDF - www.fineprint.com

The Plaintiff contends that his Eighth Amendment rights have been violated.

The Eighth Amendment to the United States Constitution provides:

> Excessive bail shall not be required, nor excessive fines imposed,
> nor cruel and usual punishment inflicted.

You are hereby instructed that at all relevant times the Defendants acted in their official

capacity as agents for the State of Texas and accordingly under color of State law.

5

## Qualified Immunity

For a public employee to be able to properly do the work of the public, that employee must be free of the constant fear of threatened lawsuits for every decision he makes. A public employee must understand that actions he takes in good faith to perform his job assignment will not be punished if such actions were reasonable under the circumstances. Without such reassurance, public employees would be unable to make those difficult or controversial decisions which are necessary to accomplish the public's business. Qualified immunity shields a public employee from liability for damages unless his conduct violates clearly established statutory or constitutional rights of which a reasonable person would have known. As prison officials, the Defendants are public employees and enjoy qualified immunity from suit.

In order to prove a claim of deliberate indifference to a threat to safety on March 31, 1999, the clearly established law required a plaintiff to prove that the Defendants were aware of facts from which could be inferred that a significant threat of serious harm to Plaintiff's safety, that they drew that inference, and that they ignored it. This is the law the Defendants would be presumed to know as public employees, and the standard by which to determine their entitlement to qualified immunity.

A public employee is entitled to a jury verdict that he acted in good faith whenever the employee, at the time of the incident, reasonably believed that his actions were a proper exercise of his discretion and within the course of his employment. Even if in hindsight the Defendants' actions were wrong; nevertheless, their actions were in good faith if, viewing the circumstances from the Defendants' perspective at the time, a reasonable correctional official could have believed the Defendants' actions did not violate the Plaintiff's then-existing constitutional rights, as I just described them to you.

6

*Harlow v. Fitzgerald*, 475 U.S. 800, 102 S.Ct. 2727 (1982)

*Anderson v. Creighton*, 483 U.S. 635, 107 S.Ct. 3034 (1987)

*Spann v. Rainey,* 987 F.2d 1110 (5th Cir. 1993)

*Palmer v. Lares*, 42 F.3d 975 (5th Cir. 1995)

7

## Failure to Protect

Plaintiff has alleged that the Defendants Ernest H. Gutierrez and Roy A. Garcia, failed to protect him from an assault at the hands of another inmate, that is that they were deliberately indifferent to a serious risk of harm to Plaintiff's safety in violation of his right to be free from cruel and unusual punishment. The Defendants deny this allegation.

You are instructed that when an injury is inflicted upon an inmate by another prisoner, prison officials may, in some cases, be held liable for failure to protect the injured inmate. Such liability would depend upon the circumstances surrounding the incident and upon the mental state of the prison officials who allegedly failed to prevent the injury. For such liability to exist, the prison officials must either have wanted harm to come to the inmate, or possessed such total lack of concern for the inmate when serious risks of harm were apparent that it can be said the prison officials were "deliberately indifferent" to the inmate's safety.

"Deliberate indifference" is not mere inadvertence, negligence or gross negligence. Rather, "deliberate indifference" means an intentional, voluntary failure to prevent an impending harm which the prison officials knew existed. Under the Eighth Amendment, a prison official cannot be held liable for failure to protect unless he "knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference."

Therefore, in order for you to find that Defendants Ernest H. Gutierrez and Roy A. Garcia were deliberately indifferent in failing to protect Plaintiff, Plaintiff must prove by a preponderance of the evidence the following three (3) elements:

(1)     **that Defendants were aware of an excessive risk of serious harm to Plaintiff's safety,**

8

**(2)      that Defendants disregarded the excessive risk of serious harm, and**

**(3)      that Plaintiff actually suffered some harm.**

To establish the first element, Plaintiff must show that Defendants were aware of facts from which the inference could be drawn that a substantial risk of serious harm existed, and that they did in fact draw such an inference.  A "substantial risk of serious harm" is a risk which is "so grave that it violates contemporary standards of decency to expose anyone unwillingly to such a risk."  A prison official's failure to alleviate a substantial risk of serious harm that he arguably should have perceived but did not, will not support a finding of "deliberate indifference."

To establish the second element, Plaintiff must show that despite being aware of an excessive risk of harm to Plaintiff, Defendants failed to act reasonably to alleviate the risk of harm.

In determining whether Plaintiff has established these three elements necessary to show deliberate indifference, you must accord wide- ranging deference to the Defendant prison officials in adopting and executing policies and practices that in their judgment are needed to preserve internal order and discipline and to maintain institutional security.

Should Plaintiff fail to prove any of the above three elements, he has failed to establish deliberate indifference and you must find for the Defendants.

*Farmer v. Brennan*, 511 U.S. 825; 114 S. Ct. 1970 (1994);

*Helling v. McKinney*, 509 U.S. 25, 113 S. Ct. 2475 (1993);

*Siegert v. Gilley*, 500 U.S. 226, 111 S. Ct. 1789 (1991);

*Davidson v. Cannon*, 474 U.S. 344, 106 S. Ct. 668 (1986);

*Daniels v. Williams*, 474 U.S. 327, 106 S. Ct. 662 (1986);

*Bell v. Wolfish*, 441 U.S. 520, 99 S.Ct. 1861 (1979);

*Neals v. Norwood*, 59 F.3d 530 (5th Cir. 1995);

9

*Eason v. Thaler*, 73 F.3d 1322, 1329 (5th Cir. 1996); and

*Horton v. Cockrell*, 70 F.3d 397 (5th Cir. 1995).

### Supervisory Liability

The Defendants the Plaintiff has sued in this case hold, or held, supervisory positions. You are instructed that supervisory officials cannot be held liable solely on the basis of their supervisory relationship with an alleged wrongdoer. A supervisor may be held liable only if: (1) he is personally involved in the constitutional deprivation, or (2) a sufficient causal connection exists between the supervisor's wrongful conduct and the constitutional violation.

*Doe v. Taylor Ind. Sch. Dist.*, 15 F.3d 443 (5th Cir. 1994).

*Williams v. Luna*, 909 F.2d 121, 123 (5th Cir. 1990).

*Lozano v. Smith*, 718 F.2d 756, 768 (5th Cir. 1983).

*Thompkins v. Belt*, 828 F.2d 298, 303-304 (5th Cir. 1987).

### Credibility of Witnesses

A witness may be discredited or impeached by contradictory evidence, or by evidence that at some other time the witness has said or done something, or has failed to say or do something, which is inconsistent with the witness' present testimony; or by evidence that the witness has been convicted of a felony or misdemeanor involving moral turpitude. If you believe any witness has been impeached and thus discredited, it is your exclusive province to give the testimony of that witness only such credibility, if any, as you may think it deserves. If a witness is shown knowingly to have testified falsely concerning any material matter, you have a right to distrust such witness' testimony in other particulars; and you may reject all testimony of that witness or give it only such credibility as you think it deserves.

## Prison Environment

It is important that in your deliberation you be aware that this action arises in a prison institution. All inmates assigned to the Texas Department of Criminal Justice, Institutional Division, are convicted felons. In view of the unique nature of the prison environment, prison officials, such as the Defendants, are given broad discretion to maintain the security, order and discipline of the prison and broad deference must be given to their management decisions. State penitentiaries are occupied by convicted felons, either ineligible for or found to be unworthy of release into society. By its very nature, the operation of such a prison is a dangerous task. The reasonableness of the Defendants' actions must be determined against the backdrop of the prison environment.

*Jones v. North Carolina Prisoners' Labor Union, Inc.,* 433 U.S. 119, 97 S. Ct. 2532 (1977)

*Newman v. Alabama,* 559 F.2d 283 (5th Cir. 1977), *cert. denied,* 438 U.S. 915, 98 S. Ct. 3144 (1978)

## Rule Violations

You are hereby instructed that even if the Plaintiff can demonstrate that the Defendants acted in violation of an administrative rule or regulation established by prison authorities, such violation alone does not constitute a violation of 42 U.S.C. § 1983 sufficient for the Plaintiff to prevail. The Plaintiff must prove that his federal constitutional right to be free from cruel and unusual punishment was violated; a violation of a rule or regulation does not entitle the Plaintiff to a favorable judgment.

*Murray v. Mississippi Dep't of Corrections,* 911 F.2d 1167, 1168 (5th Cir. 1990)

*Jackson v. Cain,* 864 F.2d 1235, 1251-52 (5th Cir. 1989)

*Hernandez v. Estelle,* 788 F.2d 1154, 1158 (5th Cir. 1986)

## Burden of Proof

The burden is on the Plaintiff in a civil action for damages such as this to prove every essential element of their damages by a "preponderance of the evidence." A preponderance of the

evidence means such evidence as, when considered and compared with that opposed to it, has more convincing force and creates in your minds a belief that what is sought to be proved is more likely true than not true. In other words, to establish a claim by a "preponderance of the evidence" merely to prove that the claim is more likely so than not so. The term "preponderance of the evidence" means the greater weight and degree of credible testimony or evidence introduced before you and admitted in this case.

In determining whether the damages have been proved by a preponderance of the evidence, the jury may consider the testimony of all the witness, regardless of who may have called them, and all the exhibits received in evidence, regardless of who may have produced them. If the proof should fail to establish Plaintiff's damages by a preponderance of the evidence, the jury should find for the Defendants as to that claim.

## Damages

Damages, if any, must be reasonable. If you find that the Plaintiff is entitled to damages, you may award him only such damages as will reasonably compensate him for such injury and damage as you find, from a preponderance of the evidence in this case, that he has sustained as a proximate result of the Defendants' acts. You are not permitted to award speculative damages. You are not to include in any verdict compensation for any prospective loss which, although possible, is not reasonably certain to occur in the future. You are not to award damages for any injury from which the Plaintiff may have suffered, or may now be suffering, unless it is established by a preponderance of the evidence in the case that such injury or condition was proximately caused by the Defendants' acts and conduct. The fact that the Court gives you this instruction on damages, of course, does not suggest that damages, if any, should or should not be awarded.

12

## Concluding Instructions

If, during your deliberations, you should find it necessary to communicate with me, please reduce your message or question to writing, signed by the Foreperson, and pass the note to the U.S. Marshal who will bring it to my attention. I will respond as promptly as possible, either in writing or by having you returned to the courtroom so that I may address you orally. I caution you, however, with regard to any message or question you might send, that you should never state or specify any numerical division that may exist.

Keeping in mind each and every one of the instructions and definitions contained in this charge and applying each of them to the facts of this case, as you find the facts to be, you will answer each of the questions on the special verdict form. The answers to all of these questions must be based upon a preponderance of the evidence. You shall take the verdict form and this charge to the jury room with you. The answer to each question on the special verdict form must be the unanimous answer of each member of the Jury. Your Foreperson will write the unanimous answer of the Jury in the space provided under each question. When it is completed, the Foreperson will date and sign the special verdict form and the Jury, after notifying the U.S. Marshall, will then return with it to the courtroom.

# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF TEXAS
### CORPUS CHRISTI DIVISION

United States District Court
Southern District of Texas
FILED

|   |   |
|---|---|
| *MICHAEL EDWARD DERRY,* | § |
| Plaintiff, | § |
|   | § |
| *v.* | § |
|   | § |
| *WAYNE SCOTT, et al.,* | § |
| Defendants. | § |

OCT 15 2001

Michael N. Milby, Clerk of Court
Civil Action No. C-00-26

**DEFENDANTS' PROPOSED FINAL PRETRIAL ORDER**

# ATTACHMENT   D-4

# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF TEXAS
## CORPUS CHRISTI DIVISION

United States District Court
Southern District of Texas
FILED

OCT 1 5 2001

Michael N. Milby, Clerk of Court

| | | |
|---|---|---|
| *MICHAEL EDWARD DERRY,* | § | |
| Plaintiff, | § | |
| | § | |
| *v.* | § | **Civil Action No. C-00-26** |
| | § | |
| *WAYNE SCOTT, et al.,* | § | |
| Defendants. | § | |

## DEFENDANTS' PROPOSED JURY *VOIR DIRE*

1.    The plaintiff in this case is Michael Edward Derry.  Do any of you know or have you heard in any way directly or indirectly anything about Mr. Derry?

2.    The defendants are Ernest H. Gutierrez and Roy A. Garcia who were employed by the Texas Department of Criminal Justice, Institutional Division (TDCJ-ID) at the time of the alleged incident.  Has anyone ever heard of them or anything about them?

3.    This case was filed by Mr. Derry who alleges that Defendants failed to protect him from an assault by another prisoner while he was incarcerated at the Garza West Unit in Beeville, Texas.  Has anyone heard of this case, the plaintiff, or know anything about this case, either from the media or otherwise?

4.    Has anyone on the panel ever been or had a close family member, relative, friend, or acquaintance who has ever been in prison, either in Texas or in any other state or federal prison?  [If yes, has this person related experiences concerning prison life that would prejudice your ability to remain impartial and hear the evidence in this case?]

5. Does anyone know of anyone who has been incarcerated in the Texas prison system, or any other prison? [If yes, has this person related experiences concerning prison life that would prejudice your ability to remain impartial and hear the evidence in this case?]

6. Does everyone on the panel agree that there are instances in which a prison inmate can be involved in a fight that could not be prevented by prison officials?

7. Does anyone feel that if a suit is filed against a guard or prison official, then they must have done what is alleged that they did?

8. Does anyone feel that if a prisoner files a lawsuit against a guard or prison official, then he should recover despite the facts?

9. Does anyone feel that law enforcement officers, in general, or TDCJ-ID correctional officers, in particular, do not act in a professional manner? [If so, approach the bench and explain.]

10. Have you, any members of your family, or close friends ever had any dealings with the Office of the Attorney General; or have you, any relatives, or close friends ever worked for the Office of the Attorney General or been involved in a lawsuit in which one side was represented by the Office of the Attorney General?

11. Have you, any members of your family, or close friends ever sued the State of Texas, an agency of the State, or any employees of the State?

12. Have you, any members of your family, or close friends ever been a plaintiff (a person bringing a lawsuit) in a lawsuit for any reason?

13. (Identify Plaintiff's witnesses) Do any of you know, or have you had any dealings whatsoever with any of these named individuals?

14. (Identify Defendants' witnesses) Do any of you know, or have you had any dealings whatsoever with any of these named individuals?

2

15.    Some of the witnesses are correctional officers or other prison officials. Would any of you be less inclined to credit the testimony of a correctional officer simply because of his/her position?

16.    Are any of you, your family members, or close friends, lawyers or law students; or have any of you ever studied law in the past? [If yes, explain your type of practice or law study].

17.    Have you, any members of your family, or close friends ever been detained or arrested for any crime? [If so, approach the bench and explain. Would your experience affect your ability to be a fair and impartial juror in this case?

18.    Have any of you ever sat on a jury in a civil trial? [If yes, approach the bench and describe.]

19.    Has anyone here heard the phrase "making a federal case out of it"? Does anyone here think that just because this case is in federal court, just because his case made it to court, or that just because the plaintiff has filed a lawsuit, that the defendant did something wrong or that the plaintiff is entitled to something? Is there anyone here who believes that someone who is sued should not defend a lawsuit, or should pay what the person suing him asks for?

20.    Has anyone formed or expressed an opinion that a plaintiff, generally, or this plaintiff, specifically, should recover from the defendant?

21.    Do any members of the panel belong to any organization which has as one of its goals the protection of civil rights? Would this affiliation make you more likely to favor the plaintiff if he says his civil rights were violated?

22.    Have you, any members of your family, or close friends ever filed or are planning to file a claim or complaint concerning discrimination or a violation of your civil rights?

23.    Based on everything you now know about the case, have you formed an opinion as to the plaintiff's right to recover against the defendant, or do you feel that there is any reason why

3

you cannot render a fair and impartial verdict based solely on the evidence you hear at trial and the law as instructed by the Judge, and without regard to passion, prejudice, or sympathy?  [If so, approach the bench and explain.]

24.	Have any of you been inside of a prison for any reason?

4