United States District Court
Southern District of Texas
ENTERED

DEC 2 0 2001

Michael N. Milby, Clerk of Court

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| MICHAEL EDWARD DERRY | § | |
| | § | |
| VS. | § | C.A. NO. C-00-026 |
| | § | |
| WAYNE SCOTT, et al. | § | |

## MEMORANDUM AND RECOMMENDATION TO DISMISS
## FOR WANT OF PROSECUTION

Plaintiff filed this suit in the Houston Division of the Southern District of Texas in 1999. Proceeding *pro se* and *in forma pauperis*, plaintiff sued prison officials for incidents that occurred while he was incarcerated at the Garza Unit in Bee County, Texas. The Houston Division ordered plaintiff's claims against the Garza Unit officials transferred to the Corpus Christi Division.[1]

On September 20, 2001, a deadline of October 15, 2001 was set for the filing of the parties' joint pretrial order. Defendants filed a proposed pretrial order on October 15, 2001 (D.E. 57); in their motion submitting the proposed order, defendants indicated that plaintiff had failed to cooperate in the preparation of the order, and they requested leave to file the order without plaintiff's contributions. A telephonic hearing on this motion was set for October 24, 2001. Plaintiff failed to appear for the hearing. Plaintiff was then ordered to show cause why the suit should not be dismissed for want of prosecution.

Plaintiff responded on November 19, 2001, stating in a motion that he works as a trucker, and because of his travels, he had not received some of the documents sent him by defendants in time to respond. Another hearing was set for December 20, 2001 to discuss the pretrial order, plaintiff's continued i.f.p. status, and the schedule for trial. Plaintiff was advised "that if he wishes to proceed

---

[1]Plaintiff also sued officials at the Dominguez State Jail in Bexar County. Those claims were severed and transferred to the Western District of Texas.

with the trial of his cause, he must participate in all proceedings." Order Setting Status Conference (D.E. 64) at 1. Plaintiff was instructed to submit his contributions to the joint pretrial order on or before December 17, 2001. He also was instructed, "Failure to timely call chambers for conference calls, or failure to timely appear where required, is cause for dismissal for want of prosecution." Id. at 2. The case was called for the status conference on December 20, 2001, and plaintiff failed to appear. Plaintiff has not submitted his contributions to the joint pretrial order, and defendants' counsel indicated that he had not had any contact from plaintiff.

Rule 41(b) of the Federal Rules of Civil Procedure provides for dismissal of a case "[f]or failure of the plaintiff to prosecute or to comply with these rules or any order of court ...." Fed. R. Civ. P. 41(b). The rule authorizes dismissal of a case for want of prosecution. Edwards v. Harris County Sheriff's Dept., 864 F.Supp. 633, 636 (S.D. Tex. 1994). Only an "unreasonable" delay will support a dismissal for lack of prosecution. Id. A delay is unreasonable if there is a significant period of total inactivity by the plaintiff, the plaintiff fails to adhere to repeated warnings that a dismissal will result from continued failure to proceed, or the plaintiff fails to obey court rules and court orders. Id., 864 F.Supp. 637 (citing Ramsay v. Bailey, 531 F.2d 706, 708 (5th Cir.1976), cert. denied, 429 U.S. 1107, 97 S.Ct. 1139 (1977); Murrah v. Fire Ins. Exch., 480 F.2d 613, 613 (5th Cir. 1973)).

Plaintiff has failed to participate diligently in the conduct of his case. Although provided with ample notice of the December 20, 2001 hearing, plaintiff failed to appear or even to explain the reason for his non-appearance. His failure to participate in the drafting of the joint pretrial order, even after being warned of the consequences for failure to do so, indicates that his absenteeism is willful. His failure to appear at scheduling conferences has made it impossible to schedule a trial in

this case, which already is more than two years old. Accordingly, it is recommended that this case be dismissed for failure to prosecute.

Signed this 20 day of December, 2001.

B. JANICE ELLINGTON
UNITED STATES MAGISTRATE JUDGE

3

## NOTICE TO PARTIES

The Clerk will file this Memorandum and Recommendation and transmit a copy to each party or counsel. Within **TEN (10) DAYS** after being served with a copy of the Memorandum and Recommendation, a party may file with the Clerk and serve on the United States Magistrate Judge and all parties, written objections, pursuant to Fed. R. Civ. P. 72(b), 28 U.S.C. § 636(b)(1)(C) and Article IV, General Order No. 80-5, United States District Court for the Southern District of Texas.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within TEN (10) DAYS after being served with a copy shall bar that party, except upon grounds of *plain error*, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court. Douglass v. United Services Auto Ass'n, 79 F.3d 1415 (1996) (en banc).