United States District Court
Southern District of Texas
ENTERED

JAN 3 0 2002

Michael N. Milby, Clerk of Court

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

MICHAEL EDWARD DERRY §
§
v. § C.A. NO C-00-026
§
WAYNE SCOTT, et al. §

## ORDER DISMISSING FOR FAILURE TO PROSECUTE

On December 20, 2001, the Magistrate Judge filed her Memorandum and Recommendation (D.E. 67) recommending that plaintiff's case be dismissed for want of prosecution. The plaintiff filed an objection to such dismissal on January 7, 2002 (D.E. 68), contending that he failed to participate in the December 20, 2001, telephonic hearing as ordered by the Court because he was at the hospital with his father who had a heart attack three hours before the hearing was to begin. After reviewing the record before the Magistrate Judge and the plaintiff's objection, this Court adopts as its own the findings and conclusions of the Magistrate Judge.

Rule 41(b) of the Federal Rules of Civil Procedure authorizes district courts to dismiss a case for failure to prosecute. Fed. R. Civ. P. 41(b); Boudwin v. Graystone Ins. Co., Ltd., 756 F.2d 399, 401 (5th Cir. 1985). The Court may do so *sua sponte* as a result of its inherent power to control its docket and to prevent undue delay in the disposition of pending cases. Id. (citing Link v. Wabash Railroad Co., 82 S.Ct. 1386 (1962)). See also Clofer v. Perego, 106 F.3d 678, 679 (5th Cir. 1997). Before ordering dismissal with prejudice, a court must consider lesser sanctions including assessments of fines, costs or damages against the plaintiff or his attorney; attorney disciplinary measures, conditional dismissal, dismissal without prejudice, and explicit warnings. Rogers v. Kroger Co., 669 F.2d 317, 321-22 (5th Cir. 1982); Boudwin at 401. Dismissals with prejudice are

1

reserved for the most egregious cases, usually where the requisite findings of a clear record of delay and ineffective lesser sanctions are bolstered by at least one aggravating factor. Rogers at 320. Aggravating factors include delay resulting from intentional conduct, delay caused by the plaintiff personally rather than his attorney, and delay causing prejudice to the defendant. Id. at 321-22; Morris v. Ocean Systems, Inc., 730 F.2d 248, 252 (5th Cir. 1984).

      The Court finds dismissal with prejudice necessary in this case because there is a clear record of delay caused by the *pro se* plaintiff personally and lesser sanctions would be futile. First, regarding the plaintiff's dilatory actions, plaintiff never submitted his portion of the proposed pretrial order despite several court orders setting and extending the deadline for that submission. He failed to appear for a telephonic hearing on October 24, 2001. On November 27, 2001, the Magistrate Judge advised plaintiff "that if he wishes to proceed with the trial of his cause, he must participate in all proceedings" and warned that "[f]ailure to timely call chambers for conference calls, or failure to timely appear where required, is cause for dismissal for want of prosecution." Order Setting Status Conference (D.E. 64) at 1. In spite of this notice, plaintiff failed to appear for the telephonic hearing set for December 20, 2001, and then failed to contact the Court to explain his absence from that hearing until filing his objection to the memorandum and recommendation over two weeks later. Plaintiff never asked that the hearing be rescheduled. While his father's heart attack may excuse his failure to appear for the December 20, 2001, hearing, it is no excuse for his continued failure to contribute to the pretrial order over a period of months, his failure to appear for the hearing in October, or his failure to contact the Court regarding the hearing missed in December. From this, it is apparent to the Court that plaintiff has lost interest in the litigation.

2

Second, the Court considered lesser sanctions but finds them ineffective. Assessment of fines, costs, or damages against plaintiff is not a viable option because he is proceeding *in forma pauperis*, and attorney disciplinary measures are not applicable since plaintiff is proceeding *pro se*. As the plaintiff failed to change his ways following the Court's explicit warning on November 27, 2001, that failure to participate in the litigation could result in dismissal, conditional dismissal and additional explicit warnings are unlikely to prevent further delay. Lastly, dismissal without prejudice would not prove a lesser sanction here because the applicable statute of limitations would bar plaintiff from refiling his claim.[1] Accordingly, plaintiff's case is dismissed for want of prosecution.

ORDERED this 29 day of January, 2002.

H.W. HEAD, JR.
UNITED STATES DISTRICT JUDGE

---

[1] Plaintiff's 42 U.S.C. §1983 claim, that on March 31, 1999, the defendants failed to protect him from harm caused by a gang-affiliated inmate at the Garza West Unit of the Texas Department of Criminal Justice–Institutional Division, is subject to a two-year limitations period which expired on March 31, 2001. See Wilson v. Garcia, 105 S.Ct. 1938 (1985)(holding that under 42 U.S.C. §1988, a state's statute of limitations relating to personal injury applies to litigation under 42 U.S.C. §1983); Tex. Civ. Prac. & Rem. Code 16.003 (two-year statute of limitations applies to personal injury claims in Texas).